2d    9
88   358

2d    9
d125  303

THE PEOPLE *v.* BROWN AND TWENTY-THREE OTHERS.

A joint and several bond for the faithful performance of the duties of sheriff, drawn in the penalty of $25,000, after having been signed by the sheriff and six co-obligors as his sureties, was altered by the judges of the circuit court, who were empowered to direct the amount of the penalty, by making the penal sum $20,000, and was then signed by seventeen other sureties, and approved and filed according to the statute. *Held,* that the bond was void as to the six sureties who signed before the alteration was made, but valid as to those who signed afterwards.

*Semble,* That even as to latter it would have been void for want of delivery, if, when they signed it, they had made it a condition that it should not be delivered until executed by the other parties whose names were therein inserted as co-obligors, and it had been delivered to the principal obligee or his agent on this condition.

CASE certified from Berrien Circuit Court. Debt upon the official bond of A. B. Munger, late sheriff of Berrien county, in the penalty of $20,000, made by Munger and twenty-three others as his sureties, defendants in this suit, and in form joint and several. Plea, *non est factum.*

It appeared on the trial that the bond was originally drawn in the penalty of $25,000, and was thus signed by Munger, and by six others of the defendants, as his sureties ; that afterwards, without the consent of such sureties, and with the knowledge of only one of them, (Love,) the associate judges of Berrien erased the word "five" after the word "thousand" in the bond, and thus altered its penalty from $25,000 to $20,000 ; and that after the bond had been thus altered, it was signed by the other defendants, seventeen in number, and approved and filed.

By consent of parties, a verdict was taken for the plaintiff, subject to the opinion of the court upon the question of "What effect the alteration had upon the validity of the bond ?" Whereupon, the Presiding Judge reserved the question for the opinion of this court.

*C. Dana,* for the People.   1. It is clear that the instru-

ment declared on is the bond of those who signed it after the alteration was made. *Lovett* v. *Adams*, 3 Wend. 380; *Cutler* v. *Whittemore*, 10 Mass. R. 442; *Adams* v. *Bean*, 12 Id. 137; *Collins* v. *Prosser*, 1 Barn. & Cress. 682; *Henfee* v. *Bromley*, 6 East, 309; *Thompson* v. *Lockwood*, 15 John. R. 256.

2. And we maintain that it is likewise the bond of those who executed it before the alteration was made. (1.) Because it was executed with reference to an adjudication and approval by the judges of the circuit court as to the sum and securities. R. S. 1838, p. 45, § 43. It was incomplete until that adjudication, and the signers are chargeable with knowledge of the law. It is, therefore, as if a blank had been left in the bond to have been filled up by the judges. *Ex parte Kerwin*, 8 Cow. 118; *Woolley* v. *Constant*, 4 John. R. 60; 17 Serg. & Rawle, 438; 1 Marsh, 311; *Waugh* v. *Bussell*, 5 Taunt. 707. (2.) Because the responsibility of the parties was not varied by the alteration. *Marson* v. *Pettit*, 1 Camp. 82; 2 Wheel. Am. Com. L. 226, note. Every greater includes the less. Again, the liability of the obligors depended upon the condition, and that was not altered. (3.) Because the alteration was made by the *agents of the law*, and not by the obligees, before delivery of the bond, and with the knowledge and consent of at least one of the obligors, who had the custody of it as the agent of the rest of them. The obligees had nothing to do with the bond until it was approved and delivered. The judges were not their agents, and had no other relation to the parties, or the bond, than any given contingency, established by the parties, on the happening whereof the agreement is to take effect. The filing of the bond was the delivery of it. The obligors were solely responsible for the identity and preservation of it prior to delivery. They placed it in the custody of their own chosen agent, and if any body must

suffer for his wrongful act, it should be those who empowered him to commit that act. (4.) Because the alteration was *acquiesced in* by the six obligors who signed before it was made, with sufficient knowledge of the facts. They knew that the sum was to be fixed at a future time by the judges, who having, as the agents of the law, reduced it, the bond was afterwards filed and became a public record, and was allowed to remain, without question, until after the death of the sheriff. *Master* v. *Miller,* 4 T. R. 320; *Paton* v. *Winter,* 1 Taun. 420.

*N. Bacon,* for defendants. 1. Any alteration of a bond, after execution, in a material part, without the knowledge or consent of the obligor, even by a party to the bond, makes it void. *Hunt* v. *Adams,* 6 Mass. R. 519; *Master* v. *Miller,* 4 T. R. 320; *Sanderson* v. *Symonds,* 1 Ball & Beatty, 430; 10 Serg. & Rawle, 164; 1 Sand. Pl. and Ev. 76; 4 Wheel. Am. Com. L. 279.

The alteration in this case is material, and was made by the parties required to receive and approve the bond. R. S. 1838, p. 45, § 43.

It may be proved under the plea of *non est factum.*

2. An alteration in a material part, discharges the defendant, even though beneficial to him. 2 Ves. 542; *Heard* v. *Wadham,* 1 East. 619; *French* v. *Campbell,* 2 H. Bl. 163; 6 T. R. 200; *Maton* v. *Booth,* 5 Maule & S. 223. Even though it be made by a stranger, the instrument is void. 11 Coke, 27; 4 T. R. 322; Id. 345.

3. The defendants have plead *non est factum.* Is the bond declared on the deed of the defendants? The seven first named obligors signed a bond in the penal sum of $25,000, while the bond declared on is for $20,000.

4. Erasures or interlineations in the substantial part of any contract or deed, are presumed to be false or forged, and must be satisfactorily accounted for, before the instru-

ment can be received in evidence. *Prevost* v. *Prevost*, 1 Pet. C. C. R. 379 ; *Crogan* v. *Gratz*, 5 Wheat. 502 ; *Heffilfinger* v. *Shurtz*, 16 Serg. & R. 46 ; *Singleton* v. *Butler*, 2 Bos. & Pull. 283 ; *Johnson* v. *Marlborough*, 2 Stark. R. 213 ; Chitt. on Bills, 212, note, (ed. 1839.)

Goodwin, J. delivered the opinion of the Court.

In the question presented in this case, two are in fact involved ;—first, as to the validity of the bond under the plea of *non est factum*, in respect to those who signed it before the alteration made by the associate judges; and, second, its validity as to those who signed it afterwards.

1. First, then, as to the former :—The statute, (R. S. 1338, p. 45, § 43,*) requires that, "every sheriff elected shall execute to the people of this state, a bond, in such penal sum, and with such sufficient sureties, not less than three in number, as the judges of the circuit court shall direct and approve." It seems, from the case, that the judges had not determined the amount of the penalty of the bond, until after it was prepared and signed by six of the obligors, and then, upon its being presented to them, instead of directing the penalty in the sum inserted in the bond, or approving it as drawn, which would be the same thing in effect, they altered it, reducing the amount of the penalty from $25,000 to $20,000. This was certainly a material alteration of it; and it cannot be said that a bond with a condition in penalty of $20,000, is the same with a bond in the penalty of $25,000. The alteration made it another and a different bond. It is such an alteration as if made after its execution by a party interested, would render it void. *Pigot's case*, 11 Coke, 27 ; *Master* v. *Miller*, 4 T. R. 320 ; *Powell* v. *Divett*, 15 East. 29 ; and *Hunt* v. *Adams*, 6 Mass. R. 519, are a few of the many cases deciding this point.

* *Vide* R. S. 1846, p. 73, § 68.

The judges were the officers of the law, appointed to determine as to the penalty and the sufficiency of the sureties, and they not approving the bond, but materially changing, before accepting and filing it, that which the six defendants executed was never delivered in contemplation of law, or had a legal existence, and the one which was approved and filed was not in fact their deed; consequently, as to them, has no validity. If they had assented to the alteration it would have been otherwise; for then, when delivered, it would have been their deed. *Speake* v. *United States,* 9 Cranch, 28. The case of *O'Neale* v. *Long,* (4 Cranch, 60,) is analagous to the present. There a bond under somewhat similar circumstances was held void against the party signing before the alteration. It was where an appeal bond, being once rejected, another surety was inserted without consulting the former sureties.

It is insisted that the responsibility of the parties is not changed by the reduction of the amount of the penalty;—that it is the condition which imposes the liability; and that the sureties are not prejudiced. Whether the sureties were prejudiced or not is wholly immaterial. Any alteration in the terms of their contract, by the parties to it, which changes their situation, without their consent, discharges them, when the contract has been actually made. Whether beneficial or not is for them, and them alone, to determine,—not for the other parties. They have the right to stand upon the terms of the contract; and, if varied without their consent, to say, *non in hoc fœdus veni.* Equally so, certainly, when the stipulations of their contract, after receiving their assent are varied by officers to whose approval it is required to be submitted before it is consummated.

It is argued that the bond was signed and sent to the judges by an agent of the defendants, with authority to alter it in this respect so as to meet their approval. No

such facts appear in the case, and certainly they cannot be implied from the fact that the approval of the judges was, by the law, required.

As to one of the six, (Love,) it appears from the case that he had a knowledge of the alteration, but as to any assent by him it is silent.

The position taken that, because the bond was filed, and remained in the proper office without any objection being made by the defendants in question, their consent is to be presumed, cannot be entertained. To whom should they make objection until sued? They might suppose that they were not deemed liable, and that the bond was deemed sufficient without their names. Nay, it does not appear from the case that they were even informed of the alteration before the suit was brought.

2. A different question is presented as to the effect of the alteration upon the liability of the other seventeen obligors. They executed the bond, which it is to be observed is joint and several, as it is. Each has bound himself, in the penalty, to be void upon the performance by the sheriff of the condition. Can the fact, then, that other names appear in the body of the instrument, intended to be obligors, who never, after the alteration, executed it, and who therefore are not in fact parties to it, relieve them from its obligation? I know of no principle or case which would lead to such a conclusion. If, when they signed the bond, they had made it a condition that it should not be delivered until executed by the other parties whose names were inserted in it, and it was delivered to the principal or to an agent under this condition, a different question would be presented,—to wit: whether there were any legal and effectual delivery until the performance of the condition. The case of *Cutter* v. *Whittemore*, 10 Mass. 450, is in point. In that case an arbitration bond, drawn as the bond of three, was executed by two. The court held it valid as

the bond of the two, remarking, "that if there had been any agreement or condition at the time, that it should not be delivered as their deed, unless the third person named as obligor should also execute it, this would show that it was only delivered as an escrow, and the defendant might have proved that fact under the plea of *non est factum*." In *Adams* v. *Bean*, 12 Mass. 140, the same doctrine was held in a case where a lease to two lessees was written as if to be executed by both, but was executed by only one of them. In an action on a guaranty indorsed on the lease, the guarantor was held,—the jury finding that the lease was intended to be delivered to the plaintiff.

The case of *Johnson* v. *Baker*, 4 Barn. & Ald. 440, is in conformity with this view. There in an action of covenant, upon a special plea that the deed was delivered as an escrow, and on condition that it should not be delivered to the plaintiff, but be void unless executed by certain other creditors, the proof sustaining the plea, the deed was held void and the plaintiff not entitled to recover.

It is the opinion of this court, then, that as to the six defendants who signed the obligation before the alteration of the penalty by the associate judges of Berrien county, the bond is of no legal validity; but that it is valid and binding upon the other seventeen who executed it afterwards.

*Certified accordingly.*