PAUL FISH FOR THE USE OF HENRY E. SMITH V. THERON BARBOUR, IMPLEADED WITH SAMUEL N. BROWNSON.

| 43 | 19 |
| 88 | 358 |
| 43 | 19 |
| 95 | 203 |
| 43 | 19 |
| 115 | 419 |
| 43 | 19 |
| d125 | 302 |
| 125 | 303 |
| 43 | 19 |
| 138 4 | 31 |

*Proceedings by capias—Liability of special bail.*

The grounds of arrest by *capias* and the proceedings to bind the bail must conform strictly to the statutes.

The renewal of jurisdiction by waiving the right to a discontinuance given by plaintiffs' neglect to follow the statutory procedure in suits by *capias*, cannot at common law bind the sureties on the defendants' recognizance of special bail.

Special bail to a *capias* are not held to a case not made by the affidavit for the writ, unless, perhaps, where the record shows that the recovery was limited to the matters in the affidavit.

Where a declaration for obtaining money on false pretenses is so amended as to describe the fraudulent representations differently, and add to them, as by differently stating localities and amounts of payments made by the plaintiffs, the variance is material.

The special bail for defendant in a suit by *capias* are not bound to indemnify against charges in the declaration that are materially different from those in the affidavit on which the writ issued.

Whether an affidavit that does not state that plaintiff has suffered damage, will warrant holding defendant to bail on a *capias—Q.*

Error to Mecosta. Submitted Jan. 21. Decided Feb. 11.

ACTION ON BAIL BOND. Plaintiff brings error.

*A. L. Millard* for plaintiff in error. An execution is not invalidated by immaterial errors whereby it varies from the judgment, *Sanders v. Kentucky Ins. Co.* 4 Bibb 471; *McMahan v. Colclough* 2 Ala. 68; *Lewis v. Avery* 8 Vt. 289; *Avery v. Lewis* 10 Vt. 332; *Doak v. Duncan* Litt. Sel. Cas. 177; *Bank of Whitehall v. Pettes* 13 Vt. 395; *Barnes v. Hayes* 1 Swan 304; *Brace v. Shaw* 16 B. Mon. 43; *Sprott v. Reid* 3 Ia. 489; *Jordan v. Porterfield* 19 Ga. 139; *Martin v. Rice* 16 Tex. 157; *Corbin v. Pearce* 81 Ill. 461; *Jones v. Cook* 1 Cow. 309; *Jackson v. Robins* 16 Johns. 574; *Hayes v. Bernard* 38 Ill. 297; *Franklin v. Merida* 50 Cal. 289; contra, *Williams v. Vail* 9 Mich., 162; errors are sometimes amendable and can

only be attacked by parties in direct proceedings, *Doe v. Gildart* 4 How. (Miss.) 267; *Thornton v. Lane* 11 Ga. 459; *Stevenson v. McLean* 5 Humph. 332; irregularities in the issuance of a *ca. sa.* cannot be used as a defense by the bail, *Kenan v. Carr* 10 Ala. 867; common bail cannot be discharged on the ground that the plaintiff did not file his declaration seasonably, *Branson v. Shinn* 4 Halst. (N. J. L.) 1; *Livingston v. Bartles* 4 Johns. 478; delay in suing out a *ca. sa.* is no defense to a *sci. fa., Bell v. Bullitt* 3 Mon. 200; where a plaintiff omits to declare within the time prescribed, or where the declaration varies from the writ or affidavit to hold to bail, a motion to exonerate the bail must be made in the original suit and as soon as possible (2 Burrill's Pr. 292; *Knight v. Dorsey* 1 Brod. & Bing. 48), since they might have surrendered their principal even after the beginning of suit against them (2 Burr. Pr. 229; 1 Tidd's Pr. 237) or might have been relieved without a surrender, on showing that they could not make one, *Warner v. Hayden* 2 Wend., 252; bail cannot question the sufficiency of the affidavit or legality of the order for bail (*Lewis v. Brackenridge* 1 Blackf. 112; *Stewart v. Howard* 15 Barb. 26; *Morton v. Herault* Hardin 203; *Toulmin v. Bennett* 3 Stew. & Port. 220), and are estopped from denying that their principal was liable to arrest, *Stever v. Sornberger* 24 Wend. 275; it is no defense to a suit against special bail that the proceedings against their principal are incorrect, *Cutshaw v. Birge* 4 Blackf. 511; nor are they discharged even by an amendment to the declaration by which a new demand is added, as they would still be liable to the extent of the original demand and the plaintiff could show on the trial that no new demand had been proved (*Seeley v. Brown* 14 Pick. 177; *New Haven Bank v. Miles* 5 Conn. 588; *Ball v. Claflin* 5 Pick. 303), technical variances are no defense to an action on a bail bond, *Rosenberg v. McKain* 3 Rich. 145; if the bail wish to take advantage of the fact that a *ca. sa.* has not been issued or that the writ is void, they must plead it, *Brother-*

*line v. Mallory* 8 Watts 132; *Cockran v. Drake* 3 Har. (N. J.) 9; *Bolles v. Haines* 7 Blackf. 398; *Gray v. Hoover* 4 Dev. (N. C.) 475; *Philpot v. Manuel* 5 Dowl. & Ry. 615; 1 Chitty Pl. 484.

*Champlin & More* for defendant in error. Special bail are discharged by anything that would increase their liability, *Campau v. Seeley* 30 Mich. 62; the obligation of bail arises from contract and the law together, the statute extending their privileges beyond the express condition of the bond, *Edwards v. Gunn* 3 Conn. 318; *Beebe v. Gardner* 11 Conn. 108; when bail are sued on the bond they can object that the affidavit for the *capias* did not show a right to arrest, *Stafford v. Low* 20 Ill. 152; *Wilcox v. Ismon* 34 Mich. 268; *Stephenson's Case* 32 Mich. 60; *Hackett, relator v. Judge* 36 Mich. 334; an amendment to a declaration, introducing a new demand, is a material variance which discharges the bail, *Smith, relator v. Wayne Circ. Judge* 27 Mich. 87; *Seeley v. Brown* 14 Pick. 180.

CAMPBELL, J. In March, 1877, plaintiff sued defendants on a recognizance of special bail which was given on the 18th of December, 1868, on behalf of John J. Barbour, whom Fish had sued by *capias* in the circuit court for Lenawee county. That original suit was begun and affidavit to hold to bail made August 1, 1868. Declaration was filed November 28, 1870. An amended declaration was filed March 1, 1871. The original defendant pleaded the general issue to the original declaration, but did not plead to the amended declaration. On the 14th of April, 1871, a trial was had, resulting in a verdict for $1,164.60, on which judgment was entered the same day, and execution issued the next day, returnable July 4, 1871. A return of *nulla bona* on this execution is dated July 5, 1871, but was not filed until January 4, 1873.

What purports to be an assignment of the judgment from Paul Fish to Smith was filed March 12, 1872. On the 5th of May, 1876, an execution against the body was

issued, not by Mr. Millard, plaintiff's attorney, but by Shumway & Salsbury, purporting to be attorneys for Smith, returnable on Tuesday, June 6, 1876, directing the sheriff of Lenawee county to take the body of John J. Barbour to satisfy "Henry L. Smith, the assignee of Paul Fish the plaintiff," etc. This was returned *non est inventus*, June 7, 1876. The present suit was begun in Mecosta county, March 1, 1877.

On the trial various objections were raised to the sufficiency of the proceedings to charge defendant, and the circuit judge held there could be no recovery.

Under our practice no suit can be commenced by *capias* or after arrest carried to judgment except in compliance with statute. An order for bail can only be made on affidavit, and the affidavit must be annexed to the writ and returned and filed with it. Comp. L., §§ 5736–7. When the defendant has appeared, by putting in special bail or otherwise, "the plaintiff shall declare against such defendant, by the end of the next term after the return of the writ by which such suit was commenced." § 5744. "If a plaintiff fail to declare, as in the last section prescribed, judgment of discontinuance may be entered against him, according to the course and practice of the court." § 5745.

No execution against the body can issue until an execution has been returned unsatisfied against the property of the judgment debtor. § 6082.

It has been determined on various occasions in this State that these exceptional proceedings are to be construed with strictness, and that both as to defendants and their bail, the grounds of arrest, and the proceedings to bind the sureties must appear to comply with the statutes. *Proctor v. Prout* 17 Mich. 473; *People ex rel. Singer Co. v. Mc-Allister* 19 Mich. 215; *Brown v. Kelley* 20 Mich. 27; *Matter of Stephenson* 32 Mich. 60; *Hackett relator v. Judge of Wayne Circuit* 36 Mich. 334; *Campau v. Seeley* 30 Mich. 60.

In this State the conditions and proceedings in suits by *capias* are not left to be regulated by the practice of

the courts, but are fixed by statute, and become therefore of more importance, and less subject to discretion.

It was objected that the affidavit showed no cause for allowing a *capias*. It avers that John J. Barbour and one Crandall on or about January 17, 1867, at Hudson in Lenawee county, represented themselves as owners of a patent right for mops in Allegan, Van Buren, St. Joseph "and certain other counties in the State of Michigan," which they requested plaintiff to purchase. (This ownership is not denied). That in order to cheat and defraud plaintiff they represented that the invention was very salable and met with a ready sale when offered, and that they were making rapid sales of their exclusive right for different portions of territory, and among others, they had sold the right for eight counties to one Ephraim Van Horn (an acquaintance of plaintiff), and that one could easily contract for as many as 25 mops in a day. That they showed plaintiff a book with the names of "eight persons or thereabouts" whom they represented as having given orders for one mop each, and that the names had been obtained during a part of one afternoon when plaintiff took a ride with Barbour of three or four miles in Dover, in Lenawee county. That by means of these false pretenses they then and there sold and assigned to plaintiff "the said pretended right for the said counties of Allegan, St. Joseph, Van Buren, and certain other counties in said State as aforesaid," for plaintiff's notes payable to John J. Barbour or bearer for seven hundred dollars, "bearing date the said 17th day of January, 1867, and payable respectively at a certain time after the date thereof." The fraud alleged in the conclusion is the obtaining by these promissory notes "for different sums, amounting in all to the sum of seven hundred dollars, dated and payable as last aforesaid," whereas no sale had been made of any territory to Van Horn, and no such orders obtained as named in the book, and the patented mops were not salable.

It·is certainly remarkable that plaintiff does not state what county rights he bought, or what counties Van Horn was said to have purchased, or the amounts and terms of the notes which he gave, or whether he had been called on to pay them.   The affidavit does not attempt to show in what way he was actually damaged or to what extent.   Fixing bail at $3000, on such an affidavit, was entirely unwarranted.   We do not find it necessary, however, to determine whether this affidavit does not show a cause of action to some extent, although we think, if it does so, the foundation for determining the right of holding Barbour to bail was very slender, for want of more certainty.

This affidavit was not made until more than a year and a half after the alleged fraud.   Defendant was required to give bail in $3000, and special bail was perfected.

Instead of declaring within the two terms required by the statute, plaintiff did not file his original declaration for nearly two years after bail was perfected, and his amended declaration was not filed for several months after the original.   Under the English practice, which is not entirely based on statute, this failure to declare put the plaintiff practically out of court.   Of course the defendant could and did waive any personal objection to the continuace of the cause in court, by pleading and going to trial, but this renewal of jurisdiction could not bind the bail for whom he had no right to make such a renewal of a lapsed suit.   In the King's Bench no rule to declare was required before such discontinuance became effectual, and being matter of statute and not of judicial discretion, the bail were entitled to rely upon this default.   Tidd's Practice 294; *Cooper v. Nias* 3 B. & Ald. 271; 1 Sellon's Practice 220-1-2, 361; *Carmichael v. Chandler* 3 Doug. 432; *Boulcot v. Hughes* 1 Chitty 279; *Sykes v. Bauwens* 2 Bos. & P., N. R. 404; *Oldham v. Burrell* 7 Term 26; *Ariel v. Barrow* 8 Bing. 375.

No extension of time was granted to plaintiff for de-

claring, and how far that would have affected the bail is therefore not before us.

It is, also well settled that the bail are not held to a case not made by the affidavit. There are some decisions holding that if it clearly appears from the record that the recovery was confined to the matters in the affidavit, and if the record shows this, the addition of new averments or counts does not prejudice. But otherwise it is not the case the bail saw fit to indemnify against. *Wheelwright v. Jutting* 7 Taunt. 304; *Caswell v. Coare* 2 Taunt. 107: *Seeley v. Brown* 14 Pick. 177; *Thompson v. Macironi* 4 Dowl. & R. 619; s. c. 3 B. & C. 1; Tidd's Pr. 294; 1 Sellon Pr. 173.

Reference has already been had to the defective allegations in the affidavit, and to the unsatisfactory way in which all the facts are described, and damages left to a very general inference. The original declaration followed the affidavit very closely and made out no stronger or different cause of grievance, except that it stated the book to have contained a large number of names, not qualified by the number of eight.

The amended declaration changed the original among other averments as follows: It included Lenawee county with Allegan, Van Buren and St. Joseph, as one of the counties in which they represented they had rights; it reduced the number of counties alleged to have been sold to Van Horn to seven instead of eight, and it brought in a new and tangible averment of fraud in a false representation that plaintiff could procure mops at two factories named, at Farmington and Pontiac, for forty-five cents each. No reference whatever was made to this representation in the affidavit.

It then proceeds to aver that by these representations the plaintiff was induced to buy a right for Lenawee county for $143, by note bearing date December 24, 1866, but time of payment not specified, and a right for a county in Ohio, not named, for $100, payable in one year

43 MICH.—4.

from January 17, 1867, and subsequently to purchase Allegan, St. Joseph and other counties not named, for two notes of $250 each, dated January 19, 1867, but the time of payment not specified. There was no allegation of special damages in either declaration.

It is evident that the second declaration is materially variant from the affidavit. It describes the fraudulent representations differently, and adds an important representation concerning the cost of manufacturing. It describes the purchase as a different one from that sworn to, not only making Lenawee the first purchase and distinct from all the rest, but including as a separate purchase a county in Ohio, showing these purchases for notes given on three different occasions, and not making up the sum of seven hundred dollars as a single consideration, or as the aggregate of all the notes. Other minor variances need not be specified.

The bail never agreed to indemnify plaintiff against the charges set out in the second declaration. There can be no presumption that recovery was not based on the new averments, which are not only material but descriptive. We think it is impossible to lawfully hold them liable upon the judgment.

Some more technical objections were presented, which we do not think it necessary to consider. The whole proceedings are characterized by very long delays, and the bail would have just reason to complain if the law allowed them to be held. We have preferred to dispose of the cause on matters of substance.

The court below decided correctly that they were discharged.

The judgment must be affirmed with costs.

The other Justices concurred.