43  389
88  358

GEORGE COMAN ET AL v. JAMES THOMPSON.

*Replevin—Ambiguity in description of property.*

A judgment in replevin for a quantity of stacked wheat, upon which
plaintiff had a lien under a chattel mortgage, was reversed
because the description of the land on which it grew, as given
in the writ of replevin, differed from the description in the
chattel mortgage as given in the record, which contained nothing
showing that it was incorrect.

Error to Eaton.   Submitted April 16.   Decided April 28.

REPLEVIN.   Defendants bring error.

*Corbin & Cobb* for plaintiffs in error.

*E. A. Foote* and *H. S. Maynard* for defendants in error.

GRAVES, J.   The defendant in error recovered in replevin
a quantity of stacked wheat, the produce of about ten
acres, and rulings on the trial are complained of.

The wheat claimed by defendant in error and replev-
ied and delivered to him, is described in the writ as about
ten acres sown by Joseph Demmon in the fall of 1878
on the north half of the east half of the southeast quarter
of section one, in town two north, of range three west, and
harvested in July, 1879.   He based his right on a chat-
tel mortgage from Demmon to himself, dated November
23, 1878, but not delivered until December 3 and not
filed until the 24th of that month.   On turning to that
mortgage, as it appears in the printed record and also
in the original return to the writ of error, we discover
that it does not cover the wheat replevied and in con-
troversy in this action.

The description contained in that paper is of "ten or
eleven acres of wheat now growing on the north-east
quarter of the north-east quarter of section one, town two
north, of range three west, Eaton county, State of Mich-
igan."   The difference is apparent.   The writ called for

wheat raised on the "southeast" quarter of the section, and the chattel mortgage for wheat raised on thĕ "northeast" quarter.

The court is bound by the record. We cannot assume arbitrarily that the description in the mortgage as returned is incorrect and ought to correspond with the writ, and there is nothing on the face of the record to warrant us in reading the description otherwise than as written. We might indulge in conjecture, but court records are not to be interpreted or altered in that way.

Assuming the record to be true, and we cannot, as just stated, do otherwise, and it follows that the judgment is erroneous, and must be reversed with costs and a new trial granted.

The other Justices concurred.