HENRY BOLTON AND DONALD McRAE v. CHARLES NITZ, AUGUST ZIEM, AND JOHN BECK.

[See 71 Mich. 388; 80 Id. 470.]

*Replevin—Amendment of writ—Liability of sureties on bond.*

The amendment of a writ of replevin, after the execution of the statutory bond, by which other property is inserted in the writ without the knowledge or consent of the sureties, by stipulation of the respective parties, discharges the sureties from liability, unless it is made to appear in the suit upon the bond that the amendment, which is followed in the declaration, made no change in their liability.

So *held,* where the writ originally called for 130,000 feet of white pine and Norway pine saw-logs, of specified lengths, then in a certain stream, describing it, being *all* the white pine and Norway pine saw-logs taken by the defendants, and claimed to have been cut by Charles Nitz, during the winter of 1885 and 1886, from off two described 40-acre tracts of land; and after the execution of the bond the writ was amended by stipulation of the parties by changing the description of one

of the 40-acre lots, and the declaration followed the amended description. Defandants recovered judgment for the value of the property, and in a suit upon the bond the sureties showed that the judgment was for the value of logs cut from the 40 acres introduced into the writ by amendment, which testimony was taken from the jury, and a verdict directed in favor of the plaintiffs for the amount of the judgment recovered in the replevin suit, in which action the court is held to have erred.

Error to Alpena. (Simpson, J., presiding.) Argued October 30, 1891. Decided November 13, 1891.

Debt. Defendants bring error. Reversed. The facts are stated in the opinion.

*Turnbull & Dafoe,* for appellants.

*W. E. Depew,* for plaintiffs.

CHAMPLIN, C. J. This is an action of debt brought upon a replevin bond.

On April 2, 1886, Charles Nitz sued out of the circuit court for the county of Alpena a writ of replevin to recover possession of certain goods, described therein as follows:

" One hundred and thirty thousand feet of white pine and Norway pine saw-logs, some of which are 12, some 14, some 16, and some 18 feet long, and now being in a certain stream commonly called the ' Narrows,' a tributary of Long lake, in said county of Alpena; being all the white pine and Norway pine saw-logs taken by said defendants hereinafter named, and claimed by them to have been cut by Charles Nitz, during the winter of 1885 and 1886, from off the S. W. ¼ of S. E. ¼ and the N. E. ¼ of N. W. ¼, of section twenty-five (25), town thirty-two (32) north, of range eight (8) east, State of Michigan."

Before such writ was served, an affidavit was made by Nitz, and subscribed to by him on the 2d day of April, 1886, which was annexed to the writ before service. The

sheriff returned that he seized the property on the 3d day of April, 1886, as commanded in his writ, and had it appraised; and, upon such appraisal being made, the plaintiff in that suit, Nitz, as principal, and August W. Ziem and John Beck, as sureties, executed the bond required by the statute in the penal sum of $1,300, which bond bears date the 6th day of April, 1886, and in which the property replevied is described in the same language as that contained in the writ of replevin. This bond was delivered to the sheriff, and the property turned over to Nitz, the plaintiff. Afterwards, and before the declaration in the suit was filed, the attorneys for the respective parties to that suit entered into a stipulation bearing date the 16th day of April, 1886, in which it was stipulated that—

"The affidavit for and the writ of replevin be considered amended, and the same are hereby amended, by substituting the words, the 'north-east' instead of the words the 'south-east,' so that the first description therein shall read as follows: 'The south-west quarter of the north-east quarter,' etc."

Thereafter the plaintiff filed his declaration in the suit, in which he described the property as follows:

"One hundred and thirty thousand feet of white pine and Norway pine saw-logs, some of which are 12 feet, some 14 feet, some 16 feet, and some 18 feet long, located at the time of replevin on a certain stream commonly called the 'Narrows,' a tributary of Long lake, in said county of Alpena; being all the white pine and Norway pine saw-logs taken by said defendants hereinbefore named, and claimed by them to have been cut by Charles Nitz, during the winter of 1885 and '6, from off the S. W. ¼ of the N. E. ¼, and the N. E. ¼ of the N. W. ¼, of section 25, town 32 north, of range 8 east, State of Michigan."

Issue was framed upon that declaration, and the cause has been tried, and resulted in a judgment in favor of the defendants, who, instead of taking a return of the

property, took judgment for its value.    Execution was issued, and returned unsatisfied, against the plaintiff in the replevin suit, and this suit is brought to recover the damages and costs upon the bond given to the sheriff, which has been duly assigned to the plaintiffs in this action.

The defendants introduced testimony tending to show that the judgment recovered was for the value of logs which were cut from the S. W. ¼ of the N. E. ¼ of section 25, mentioned in the declaration; and counsel for defendant sureties in the replevin bond claim that, after the bond was executed and delivered, a material alteration was made in the declaration in the replevin case, by which the liabilities of the sureties were enlarged, and they made liable for the value of logs which were not included in the description of the property contained in the bond, and that they are therefore discharged from liability.    The circuit judge permitted this testimony to be given in the first instance, but afterwards struck it out of the case as irrelevant and immaterial, and directed the jury to render a verdict for the plaintiffs for the amount of the judgment recovered in the replevin suit and the costs, which they did; and the question now is whether the amendment made to the declaration was such a material change in the contract of the sureties as operated to discharge them from liability.    If it was, the court erred in striking out the testimony; if not, there is no error in the record.

The logs replevied are not described as containing any marks by which they could be identified.    One white pine or Norway pine saw-log has much the same appearance as any other white pine or Norway pine saw-log of similar dimensions; and, where property is thus of a kind which answers to a general description, the description contained in the writ is often aided by a reference to

some other fact by which it may be identified. *Wattles
v. Dubois,* 67 Mich. 313. It may have been necessary to
make this description thus specific in order to identify
the logs in the "Narrows" from any other logs which
the defendants may have had in the stream, and which
had been cut from other lands than those described, and
to which the plaintiff made no claim. The fact that the
parties amended the description by stipulation in the
written affidavit as to the particular tract of land from
which the logs were cut shows that the parties them-
selves regarded it as a material portion of the descrip-
tion of the property; and so we think it was. Being so,
any alteration by which other property was inserted in
the writ of replevin, after the execution of the bond,
without the knowledge and consent of the sureties, and
with the consent of the defendants in the replevin suit,
would discharge them from liability upon the bond.
*Coman v. Thompson,* 43 Mich. 389; *Bullock v. Taylor,* 39
Id. 137; *Michie v. Ellair,* 60 Id. 73; *Evers v. Sager,* 28
Id. 47; *People v. Brown,* 2 Doug. 9; *Fish v. Barbour,*
43 Mich. 19. In the case last cited an affidavit was
made upon which a *capias* issued, and the principal
defendant was arrested. He gave bail to the sheriff, and
afterwards, upon filing the declaration, the plaintiff saw
fit to enlarge the grounds of action against the princi-
pal defendant, and recovered a judgment, and the Court
held that the sureties were discharged; the Court saying:

"The bail never agreed to indemnify plaintiff against
the charges set out in the second declaration. There
can be no presumption that recovery was not based on the
new averments, which are not only material, but descrip-
tive. We think it is impossible to lawfully hold them
liable upon the judgment."

In this case the testimony introduced, and afterwards
stricken out, showed that the judgment recovered was
for damages on account of the logs which were intro-

duced into the declaration by amendment after the giving of the bond. We think that no recovery could be had upon the bond unless it was made to appear that no change in the liability of the sureties was made by the amendment inserted in the declaration. See *Elliott v. Hart,* 45 Mich. 234.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.