108   417
125   305

GILL *v.* BACKUS.

1. JUDGMENT—COLLATERAL ATTACK—LOG-LIEN SUIT—BOND OF IN-
TERVENER.

In an action upon a bond given by an intervener in a log-lien
suit, conditioned for the payment of any judgment that might
be rendered against the property, neither he nor his sureties
can question the validity of the judgment so rendered, unless
it is void in whole or in part upon its face.

2. SAME—COSTS.

The defendants in a suit upon such a bond, given on pro-
ceedings instituted in the circuit court, sought to attack the
judgment, in so far as costs were included therein, on the
ground that the amount of plaintiff's lien, as found by the
jury, was less than $100, and that costs should have been
awarded to the defendant. *Held*, that this was at most but
an irregularity, remediable only by proceedings in the origi-
nal suit, and did not render the judgment open to col-
lateral attack.

Error to Alcona; Simpson, J. Submitted January 29,
1896. Decided February 26, 1896.

Debt by George A. Gill against Absalom Backus, Jr.,
Joseph Van Buskirk, and Bernard P. Cowley, upon a bond
given for the release of property attached under the log-
lien law. From a judgment for plaintiff on verdict directed
by the court, defendants bring error. Affirmed.

*O. H. Smith*, for appellants.

*J. H. Killmaster* and *M. J. Connine*, for appellee.

HOOKER, J. Gill brought an action in circuit court by
attachment, under the log-lien law, against Morrill &
Morrill, copartners, claiming a lien for $135 upon certain
lumber. Backus intervened as owner of the lumber, and

gave a bond for the release thereof. The trial resulted in a verdict in favor of Gill for $105.64 damages, $52.50 thereof being found to be a lien upon the lumber. Judgment was rendered upon the verdict, for the damages aforesaid, and concluded as follows:

"And it is further considered, ordered, and adjudged that the said plaintiff do have a lien upon the property described in his declaration in this cause to the amount of fifty-two dollars and fifty cents, with his costs, disbursements, charges, and expenses of suit to be taxed, and that the plaintiff have execution thereof."

Costs were taxed at $45.56.

In an action upon the bond, the plaintiff recovered $101.98, made up as follows: The damages to amount of lien, $52.50; costs taxed, $45.56; interest, $3.92.

The only question raised in the case is the validity of the judgment for costs in the original attachment case, it being contended that the defendant, and not the plaintiff, should be entitled to costs where the amount recovered in circuit court is less than $100. The defendant Backus took no steps to review the judgment in the attachment case, and, as the bond undertakes to pay the judgment, neither Backus nor the sureties can question the judgment, unless it is void in whole or in part upon its face. *Clinton* v. *Laning*, 73 Mich. 284; *Clinton* v. *Rice*, 79 Mich. 359. The circuit court had jurisdiction of the case, inasmuch as the amount of lien claimed in the affidavit exceeded $100 over and above all legal set-offs. 3 How. Stat. § 8427*g*. No claim is made that it had not jurisdiction of the parties. Section 8427*l* permits a recovery of costs, and their collection by sale of the property attached. The most that can be claimed by the appellants is that, under 2 How. Stat. § 8967, the court should not have awarded costs to the plaintiff, and should have given the defendant costs, inasmuch as the jury found that the lien was less than $100. But this was at most an irregularity, which could only be corrected by proceedings in that

cause. The judgment cannot be collaterally impeached. It therefore becomes unnecessary to discuss the other questions in the case.

The judgment is affirmed.

The other Justices concurred.