119　519
125　57
125　59
s125　301

CONELY *v.* COLLINS.

1. CORPORATIONS—MANAGING AGENT—AUTHORITY—CONVEYANCE OF ASSETS.

> One left in control of the affairs of a corporation, the stockholders holding no meetings and dcing nothing concerning the management of the corporate business, can bind the corporation by a conveyance of the assets to a trustee for the benefit of creditors.

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS — PREFERENCES — CHATTEL MORTGAGES.

> A conveyance to a trustee of all the property and accounts of a corporation, to be sold and collected by him, and the proceeds applied, *first*, to the payment of certain debts in order, as specified in a schedule attached, *second*, to the payment of a stated compensation to the trustee, the balance, if any, to be turned back to the company, is void for the preferences created, since it constitutes, not a mortgage, but an assignment for the benefit of creditors.

Error to Wayne; Carpenter, J. Submitted January 6, 1899. Decided March 14, 1899.

Replevin by Clarence Conely and another against Charles P. Collins and another. From a judgment for plaintiffs on verdict directed by the court, defendants bring error. Reversed.

*Keena & Lightner*, for appellants.

*Haug, Yerkes & Duffie (John D. Conely,* of counsel ), for appellees.

LONG, J. This action of replevin was brought in the Wayne circuit court, and about $300 worth of lumber was taken under the writ. Plaintiffs had verdict and judgment by direction of the court. Defendants bring error.

It appears that in 1894 one Gilbert Hathaway executed,

in behalf of the Mascotte Lumber Company, a conveyance of that company's stock in trade, consisting mostly of lumber, to Thomas H. Lynch, upon certain conditions therein named, which will be spoken of more at large, and which conveyance empowered Lynch to sell the property and pay certain debts, according to a schedule attached. After Lynch had paid part of these debts, he sold the entire remaining stock, except a portion that was claimed by Salliotte & Ferguson, to the plaintiffs. Under this sale an indebtedness due to the plaintiffs was canceled, and their note given for the balance. Very shortly after, the defendants in this suit attached the stock thus transferred to the plaintiffs, and took it into possession. Thereupon this suit in replevin was brought, and the property taken by plaintiffs.

1. It was contended by the defendants below, and is contended here, that the conveyance executed by Hathaway was illegal, and transferred nothing, for the reason that Hathaway, as shown by the evidence in the case, had no authority to execute it. The court below, in passing upon this question, said: "To determine what Hathaway's authority was, you should look rather at what he did by the assent of the stockholders, than by what he called himself." It appears that the stockholders of the Mascotte Lumber Company were Sarah V. Bishop, Susan Sage, Carrie F. Schwer, and John C. Hartz. Sarah V. Bishop was Hathaway's aunt; Susan Sage, his grandmother; and Carrie F. Schwer became his wife. John C. Hartz was second cousin to Carrie F. Schwer. No meetings of the stockholders of the company were held, and apparently the business was left with Hathaway to manage and control. None of the stockholders did anything concerning the management of the business. Hathaway employed Lynch to assist him, and exercised all the power of management of the business in every particular, and presumably so by the consent of the stockholders. He continued to exercise such authority up to the time the transfer was made, June 22, 1894. He had as much

power in the management of the affairs of the company as had George T. Smith in the case of *Preston Nat. Bank of Detroit* v. *George T. Smith Middlings Purifier Co.*, 84 Mich. 364; and in that case it was held that Smith had the power to execute a mortgage on the assets of the company. This case was followed and approved in *Michigan Slate Co.* v. *Iron Range, etc., R. Co.*, 101 Mich. 14. The court below was not in error in holding that Hathaway had power to execute the conveyance.

2. It is claimed that the conveyance was void under the provisions of 2 How. Stat. § 6184, and 3 How. Stat. § 8739, or at least that the question should have been left to the jury to determine whether it was made for the purpose of hindering and defrauding creditors, and therefore void, under the terms of section 6203, 2 How. Stat. The claim is that the conveyance was a voluntary assignment, and that, as it prefers certain of the creditors, it is therefore void as to creditors. We think this contention is correct, and that the court was in error in holding it to be a mere chattel mortgage. The conveyance transfers all the property of the Mascotte Lumber Company to Lynch in trust; he to sell the same, and apply the proceeds to the payment of the indebtedness. He is given power to collect accounts due the company, and use the same in the payment of the debts; the West Bay City Manufacturing Company to be paid first. The trustee is to pay himself $50 per month after the unsecured debts are paid; surplus money or property in his hands to be turned back to the Mascotte Lumber Company or its assigns. In all essential particulars, the conveyance is in the exact form of an assignment for the benefit of creditors. It is therefore void, as it makes preferences. The case falls within *Kendall* v. *Bishop*, 76 Mich. 634; *Burnham* v. *Haskins*, 79 Mich. 35; *Pettibone* v. *Byrne*, 97 Mich. 85; *Hill* v. *Mallory*, 112 Mich. 387. The learned court below was of the opinion that the case is ruled by the case of *Austin* v. *First Nat. Bank of Kalamazoo*, 100 Mich. 613. There the conveyances were worded as mortgages, and author-

ized the mortgagee to take possession upon default. They were held not to make an absolute title in the mortgagee. Here Lynch was authorized to take possession and sell the property. The assignment conveyed an absolute title in the property to Lynch.

We need not consider the other assignments of error, as the court should have directed a verdict in favor of the defendants.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.