DUDLEY *v.* CONELY.

SURETIES—REPLEVIN—ACTION ON BOND—DEFENSES—IRREGULARITIES IN ORIGINAL SUIT.

Sureties upon a replevin bond cannot escape liability by setting up in defense to an action on the bond mere irregularities in the proceedings in the replevin suit. So *held* where the defenses interposed were that the time for settling a bill of exceptions on an appeal in the original suit was extended beyond the time stipulated, and that on the last trial it was consolidated with another cause.

Error to Wayne; Carpenter, J. Submitted October 3, 1900. Decided December 4, 1900.

*Assumpsit* by Harlan J. Dudley and Charles P. Collins against Clarence Conely and Oscar Schloeman, copartners as Clarence Conely & Co., principals, and Christian Hosbach and William Kemter, sureties, upon a replevin bond. From a judgment for plaintiffs on verdict directed by the court, defendants bring error. Affirmed.

*Tarsney & Fitzpatrick*, for appellants.

*Keena & Lightner*, for appellees.

LONG, J.   Suit on replevin bond.   The case in which
the bond was given was commenced in the circuit court
for Wayne county August 14, 1894, in which Clarence
Conely and a copartner were plaintiffs, and Collins and
Dudley defendants.   In October, 1895, verdict was given,
and judgment rendered thereon in February following.
That case was removed to this court, where it was decided
in 1896 (*Conely* v. *Dudley*, 111 Mich. 122 [69 N. W. 151]),
and the judgment reversed.   In December, 1897, the case
was again tried, and a verdict directed by the court below
for the plaintiffs.   Time to move for a new trial and settle
a bill of exceptions was extended under stipulation, and
from time to time thereafter the time to settle bill of ex-
ceptions was extended, as defendants contend, up to Sep-
tember, 1898.   The bill of exceptions was signed and filed
October 25, 1898.   Plaintiffs contend that the bill was
settled within the date covered by the stipulations.   The
case was removed to this court, where it was decided
March 14, 1899, and the judgment of the court below
reversed.   *Conely* v. *Collins*, 119 Mich. 519 (78 N. W.
555, 44 L. R. A. 844).   The case was again tried in the
circuit court before a jury, who returned a verdict in favor
of defendants, under the charge of the court, for $362.13.

It is contended here by defendants that, when that case
was tried in the circuit court, the court permitted it to be
consolidated with another case, and that but one jury sat
in both cases, while plaintiffs contend that there was no
consolidation.   Whatever may have been the order of the
circuit court as to the consolidation, it appears upon the
journal of the court that separate verdicts were rendered
in each case; and the only proof that there was a consoli-
dation is a memorandum upon the short-book kept by the
clerk.   It appears in the present case that the bond in
replevin was signed by Conely & Co. as principals, and
William Kemter and Christian Hosbach as sureties, and

was for the sum of $599.30. This replevin bond was in the usual form, running to the coroner of the county, and was assigned by him to the plaintiffs in this case. The plea was the general issue, with notice that defendants Hosbach. and Kemter would insist in their defense that they had been released and discharged of and from all liability upon said bond as sureties:

*First.* Because of the expiration of the time in which to settle bill of exceptions on the second trial, as such time was extended beyond the time stipulated.

*Second.* Because of the order consolidating both cases on the third trial.

There is some conflict of testimony as to whether the bill of exceptions was settled within the time stipulated, and it is contended by plaintiffs' counsel that there was no proof in the case, except the short-book, that the two cases were consolidated. It is further contended that, the journal entry showing separate verdicts, the case must be regarded as having been tried as a separate case.

Even if defendants' counsel be correct in saying that the bill of exceptions was settled after the time expired under the stipulations, and that these two cases were tried as one, we do not think their contention can prevail that such facts would discharge the sureties on the bond. By the bond itself, the defendants promised that:

"If the said defendants shall recover judgment against them [Conely & Co., plaintiffs in the replevin suit], then, if the said Clarence Conely and Oscar Schloeman, plaintiffs, shall return the said property, if return thereof be adjudged, and shall pay to the defendants all such sums of money as may be recovered by such defendants against them in the said action, then the above obligation to be void; otherwise to remain in full force and virtue."

The defendants herein took the property from the present plaintiffs, and judgment has been rendered in favor of the obligees in the bond.

Counsel for defendants rely upon *Evers* v. *Sager*, 28 Mich. 47; *Fish* v. *Barbour*, 43 Mich. 19 (4 N. W. 502);

*Bullock* v. *Taylor*, 39 Mich. 137 (33 Am. Rep. 356); *People* v. *Brown*, 2 Doug. 9; *Bolton* v. *Nitz*, 88 Mich. 354 (50 N. W. 291). We think none of these cases sustains their contention. In the first the surety upon an appeal bond from justice's court was held to be released because, by stipulation between the parties, the declaration was amended in the circuit court by claiming an amount of damages beyond the jurisdiction of the justice. By this amendment the surety became liable to a larger amount than when the bond was executed by him, and it was properly claimed there that, in effect, the suit became a new suit in the circuit court; and it was held that the defendant, by his consent to the amendment, could not bind the sureties on the appeal bond. In *Fish* v. *Barbour*, *supra*, the action was on a bail bond in a *capias* proceeding. An amended declaration was filed in the case, so as to describe the fraudulent representations differently from the first declaration by stating different localities and amounts of payment made by the plaintiff. It was held that the variance was fatal, and the sureties on the bond could not be made liable. In *Bullock* v. *Taylor*, *supra*, it was held that a surety for the payment of a promissory note was not bound to perform a collateral agreement between the parties, to wit, to pay attorney's fees. In *People* v. *Brown*, *supra*, it was held that an alteration in a bond after it had been signed by some of the sureties, and without their consent, released them. In *Bolton* v. *Nitz*, *supra*, it appeared that by stipulation of the parties in a replevin suit, and without the consent of the sureties on the bond, the writ was amended so as to describe other property, and the declaration followed the amended writ. It was held that the sureties were not liable for the amount of a judgment obtained upon that declaration.

The matters complained of by defendants' counsel, if they exist as claimed, amount merely to irregularities, which do not go to the jurisdiction. There is no claim that there was any fraud or collusion by which the rights of

the defendants were affected. The judgment is in the usual form of replevin. This is not like a case where a surety is simply to pay money if the principal fails to do so, but is a bond given in the course of a suit; and in such case the surety submits himself to the acts of the principal, and to the judgment as itself a legal consequence falling within the suretyship. 2 Black, Judgm. §§ 587, 671.

In the case of *Robertson* v. *Davidson*, 14 Minn. 554, the action was upon a replevin bond; and the sureties claimed that the judgment in the replevin case, which was not in the ordinary form of a judgment in an action of replevin, but was in the usual form of a judgment for the recovery of money only, released the sureties from their liability on the bond. It was said by the court:

"The undertaking is not collateral in its nature. It is in effect an affirmative obligation on the part of the signers of it to return the property to the defendant in the replevin action upon a judgment to that effect, and to pay him such sum as may for any cause be recovered against the plaintiff in that action. By the terms of the instrument, therefore, upon the recovery of the judgment by the defendant in the action of replevin in the district court, the signers of the undertaking became liable to Robertson upon that instrument. * * * We have already seen that the undertaking given by the defendants in this action is, as between them and the plaintiff, an original obligation, and the defendants were not sureties, but original promisors or obligors. The principles applicable to sureties, therefore, do not apply in this action. By the terms of the undertaking, the defendants agreed and became liable not only to return the property, if a return was adjudged, but to pay to the plaintiff such sum as might for any cause be recovered against the defendant in the action of replevin. It is true, the correct and usual form of judgment in replevin is in the alternative, for a return of the property or for the value thereof. The judgment as entered in this case, therefore, is irregular; but it is irregular only, and not void. Its regularity cannot be impeached or inquired into collaterally. It cannot, therefore, be attacked in this action. *Gallarati* v. *Orser*, 4 Bosw. 105. The defendants, therefore, are liable on the undertaking for the amount recovered in the action of replevin, and the plaintiff is entitled to judgment therefor."

In Wells, Repl. § 433, after stating that an alteration in the bond would release the surety, the author continues:

"Nevertheless the sureties are bound by all the steps which their principal may take in good faith for the success of his suit in court, and are bound by the result of that suit. If the court have jurisdiction, the sureties are bound by such order as it may make in the case; it being the essence of the contract that the surety is answerable for his principal's conduct in the suit before judgment."

See, also, *Mason* v. *Richards*, 12 Iowa, 74.

In *Clinton* v. *Laning*, 73 Mich. 284 (41 N. W. 424), which was an action on a liquor bond, it was held that the sureties could not retry the original suit upon the merits; that they could only show that the judgment was not rendered by a court of competent jurisdiction, or that it was void for fraud or collusion.

In *Clinton* v. *Rice*, 79 Mich. 354 (44 N. W. 790), in speaking of its opinion in *Clinton* v. *Laning*, the court said:

"It was held in this court in *Clinton* v. *Laning* that such judgment was binding upon Rice and Potter; the sureties on the bond; the express condition of such bond being that they would pay any judgment recovered against their principals."

In *Gill* v. *Backus*, 108 Mich. 417 (66 N. W. 347), the action was debt upon a bond given for the release of property which had been attached under the log-lien law. The defendant, being a surety upon this bond, contended that, since in the lien case the amount of the lien in favor of plaintiff was less than $100, judgment should have been entered for defendant in that case for costs, and that the judgment in the lien case granting plaintiff costs was no binding upon the sureties, because it was contrary to the statute. This court held that such a defense could not be maintained. It was said:

"The defendant Backus took no steps to review the judgment in the attachment case, and, as the bond undertakes to pay the judgment, neither Backus nor the sureties

can question the judgment, unless it is void in whole or in part upon its face."

We think it is too well settled that sureties upon replevin bonds cannot escape liability upon the bond by mere irregularities in the proceedings in the original case to need further comment here.

The judgment must be affirmed.,

The other Justices concurred.