WALKER *v.* ARCHER.

PRINCIPAL AND SURETY—APPEAL BOND—SUMMARY PROCEEDINGS
—CONTINUANCE—DISCHARGE OF SURETY.

> The vendor in a land contract declared a forfeiture for default
> in payments, and obtained judgment of restitution before a
> commissioner.  The vendee appealed to the circuit court, giv-
> ing the statutory bond, conditioned, among other things, for
> the payment of the rental value of the premises withheld.
> In the circuit the trial of the cause was postponed several
> times by consent of plaintiff, and without the knowledge of
> the sureties on the bond, on the payment of various sums of
> money by defendant, which were applied on the contract.
> *Held,* that the acceptance of the payments amounted to a
> waiver of the right to proceed with the suit, at least *pro tanto,*
> and hence operated to discharge the sureties.

Error to Wayne; Rohnert, J.   Submitted October 24,
1901.   Decided November 4, 1901.

*Assumpsit* by Bryant Walker, administrator *de bonis
non,* with the will annexed, of the estate of Corydon L.
Ford, deceased, against John Archer and Ferdinand C.
Ortmann, on an appeal bond.   From a judgment for
defendants, plaintiff brings error.   Affirmed.

*Walker & Spalding,* for appellant.

*Flowers & Moloney,* for appellees.

MONTGOMERY, C. J.   This action is brought to recover
of the defendants, who are sureties upon an appeal bond,
the amount of a judgment rendered in a summary pro-
ceeding to obtain possession of lands.   One George W.
Wool had contracted with the plaintiff's predecessor for
the purchase of a certain parcel of land.   The contract
provided that, in case of default in payment, the vendor
might declare the contract void, and re-enter upon the
premises, and that, in case the contract should be so

declared void, the second party, Wool, should thenceforth be termed a mere tenant at will of the first party, and liable to be proceeded against, etc., and that the vendor should have the right to recover damages by reason of the nonperformance of the contract. Wool went into possession of these premises under the contract, but on the 24th of September, 1896, plaintiff served a notice of forfeiture of the contract, accompanied by a notice to quit the premises, on Wool and his wife. On December 6, 1897, plaintiff commenced a suit to recover possession of the land before a circuit court commissioner. On December 15, 1897, judgment of restitution was given in favor of the plaintiff, and on the 20th of December Wool appealed to the circuit court, and filed the usual bond, upon which the two defendants are sureties. The evidence further shows that, from the time the said appeal was filed in the Wayne circuit court, the case was reached for trial at four different terms of court, and at each time postponed at the request of Wool, and with the consent of Walker, administrator, upon the payment to Walker of certain sums of money, namely: On July 12, 1898, $50; on July 18, 1898, $100; on November 28, 1898, $25; on April 21, 1899, $100. The circuit judge found, as matter of law, that, by his consent to delay the trial of the cause, the plaintiff had released the bondsmen from all liability as sureties, and rendered judgment for the defendants.

It is contended by the plaintiff that the surety upon a bond submits himself to the acts of the principal and to the judgment; citing *Dudley* v. *Conely*, 125 Mich. 300 (84 N. W. 286). In that case it was held that a stipulation in the ordinary conduct of the case, although it involved some delay in the proceedings, would not release the surety. But the case is unlike this in very important particulars. In the present case, the plaintiff had the right, on the failure of Wool to pay the amount due upon the contract, to declare a forfeiture, and proceed to recover possession of the property, or to press his remedy, and collect the contract price. See *Goodspeed* v. *Dean*, 12 Mich.

352; *Hamilton* v. *Park & McKay Co.*, 112 Mich., at page 142 (70 N. W. 437).   The plaintiff had, before bringing this proceeding, declared the contract forfeited, and was entitled, according to his contention, to proceed to obtain a recovery of the possession and the rental value of the property.   The purpose of his suit could legitimately be for the latter object only.   But payments were made from time to time.   It is the contention of the plaintiff that these payments were made upon the contract.   If so, the receipt of the payments amounted to a waiver of the right to proceed to recover possession, either *in toto* or *pro tanto*.   If it be said that they were a waiver *pro tanto* only, and only operated to waive the right to insist upon his forfeiture previously declared until the termination of the time covered by the stipulation, yet it cannot be doubted that such waiver was, to that extent, binding upon the plaintiff, and that the payment by Wool was a sufficient consideration for it.   As each succeeding payment was made, the plaintiff was in a position where he had elected to treat the contract as forfeited, and was entitled only to proceed against the land.   New relations were established between the parties by each succeeding payment, and this furnished a consideration for the continuance.   This case is unlike any of those cited by plaintiff's counsel, in which mere delay, without any new consideration moving to the plaintiff, has been held insufficient.   We think the case, on principle, is the same as it would have been had the defendants guaranteed the payment of rent, and the plaintiff disabled himself from taking legal proceedings to enforce the payment.   A case involving this principle is *Ducker* v. *Rapp*, 67 N. Y. 464.

We think no error was committed by the trial judge. Judgment will be affirmed, with costs.

The other Justices concurred.