MILLER *v.* MAHER.

1. Costs—Appeal Bond—Recovery—Surety.
    In an action on an appeal bond given in divorce proceedings the surety could not raise the objection that certain items of cost taxed were improper or excessive; if the objection was well founded it should have been made at the time the clerk taxed the costs, or on motion to retax.

2. Parties—Actions—Bond for Costs—Nonjoinder.
    Although both obligees in a joint bond should be joined as plaintiffs in an action on the obligation, one may sue alone, if the other assigns his interest to the plaintiff, or if he refuses to become a party to the proceeding at the request of the plaintiff.

3. Same—Appeal and Error.
    Upon a record not disclosing whether there was evidence in the lower court to excuse the nonjoinder of a party, it will be assumed that the judgment was warranted by testimony not contained in the record which did not purport to contain all the evidence.

Error to Kent; Wolcott, J. Submitted April 22, 1913. (Docket No. 118.) Decided March 26, 1914.

Assumpsit in justice's court by Frederick C. Miller against Edgar A. Maher, Lant K. Salsbury and Eleanor C. Reeves on a bond for costs. Plaintiff appealed to the circuit court. Judgment for plaintiff. Defendants bring error. Affirmed.

*E. A. Maher,* for appellants.

*A. C. Hindman,* for appellee.

BIRD, J. The plaintiff sued the defendants in justice's court to recover on a chancery appeal bond. He was not successful in that court, and he appealed therefrom to the circuit court, where he had judgment on written findings found by the trial court.

It appears from the findings that Eleanor C. Reeves, having a decree for alimony against her husband, George R. Reeves, instituted proceedings under the statute to subject certain property standing in the name of Frederick C. Miller to the payment of her decree, and making both Reeves and Miller defendants. This proceeding resulted in an order being made subjecting the property to the payment of her alimony. From this order, defendant Miller alone appealed. Later Mrs. Reeves filed a claim of appeal and a bond running to both Reeves and Miller as appellees, with defendants Maher and Salsbury as sureties. The order of the circuit court was reversed by the Supreme Court and costs were awarded to Frederick C. Miller, the plaintiff herein. His costs therein were subsequently taxed at the sum of $112.91. For the failure of Mrs. Reeves to pay these costs, this suit was begun to enforce the payment thereof. On the trial in the circuit court, the taxed bill of costs in the chancery case was offered and received in evidence over the objection of the defendants. The admission of this paper is assigned as error, for the reason that it included items expended by Miller about his appeal before Mrs. Reeves filed her appeal and bond, and because it included items which were incurred in his own appeal, and not in hers, and it is argued that the effect of this evidence was to extend the liability of the sureties beyond that which they had agreed to assume.

This assignment of error raises the question as to whether a judgment for costs against the principal is conclusive against the sureties. The undertaking of the principal as shown by the bond was "to perform and satisfy the decree and final order of the Supreme Court and pay all the costs of the appellees in the matter of said appeal." The obligation of the defendant sureties was to make payment in case of her default. The Supreme Court subsequently re-

versed the order made by the trial court, and ordered and decreed that defendant Miller should recover costs of both courts to be taxed, and that he should have execution thereof. [*Reeves* v. *Miller*] 121 Mich. 311 (80 N. W. 19). In pursuance of this decree, Miller's costs were taxed. When the principal made default, and the sureties were asked to pay these costs, they were asked to do just what they had promised in the bond that they would do. If there were any objections to the amount proposed to be taxed, or if the tax bill included items which were improperly included, they should have appeared before the taxing officer and opposed the taxation of the same, or, failing in this, they should have made a motion in that case for a retaxation of the costs. Not having done so, it is now too late for them to question the judgment. The only question which was open in this case was the question of the jurisdiction of the court which rendered the judgment. As no question of jurisdiction was raised, the judgment for costs against the principal is conclusive against the defendant sureties. *Clinton* v. *Laning*, 73 Mich. 284 (41 N. W. 424) ; *Clinton* v. *Rice*, 79 Mich. 354 (44 N. W. 790) ; *Gill* v. *Backus*, 108 Mich. 417 (66 N. W. 347) ; *Dudley* v. *Conely*, 125 Mich. 300 (84 N. W. 286). See, also, valuable note in 132 Am. St. Rep. 759, to the case of *Commonwealth* v. *Fidelity & Deposit Co.*, 224 Pa. 95 (73 Atl. 327).

The further error is assigned that the bond was inadmissible in evidence because of the nonjoinder of Reeves as a party plaintiff in this suit; the argument being that, as the promise in the bond was made to both, both should be made plaintiffs. By the strict rule of common-law pleading, the point appears to be well taken, and this would be true even though Reeves had no interest in the costs, which were sought to be recovered. 15 Enc. Pl. and Prac. p. 528. There are, however, some exceptions to that rule, for example,

where one obligee assigns to his co-obligee, or where one obligee requests his co-obligee to join in the suit and he refuses, suit can then be maintained by one of the obligees in his own name. *Id.* p. 532. The objection was duly made when the bond was offered, but the objection was overruled and findings were made and judgment rendered thereon. If we may presume that there was nothing in the testimony which justified the finding of the court, it is clear that he was in error in rendering judgment for the plaintiff. The record is very meager, and does not purport to contain all of the evidence. The pleadings in justice's court were oral and very brief. If there was a showing made which brought the case within either of the exceptions referred to, the judgment should be sustained. We cannot presume, in the absence of a complete record, that there was no such showing. *McGraw* v. *Insurance Co.,* 54 Mich. 145 (19 N. W. 927).

The judgment of the trial court is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.