REEVES *v.* MILLER.

FRAUDULENT CONVEYANCES—MORTGAGES—FORECLOSURE.

> Creditors of R. cannot reach land which he owned, where S.,
> having a mortgage thereon, foreclosed it, without any fraud-
> ulent design, and, after expiration of time to redeem, sold to
> M., though S. bid in the property for a sum much below its
> value, and sold it cheap to M., and M. bought at the sugges-
> tion of R., and advanced R. money to carry on business
> there; it not appearing that R. contributed anything to the
> purchase, or was promised any interest in the property or its
> proceeds.

Appeal from superior court of Grand Rapids; Burlin-
game, J. Submitted June 22, 1899. Decided September
19, 1899.

Creditor's bill by Eleanor C. Reeves against Frederick
C. Miller and George R. Reeves. From the decree
rendered, complainant and defendant Miller appeal. Re-
versed, and bill dismissed.

*Maher & Salsbury*, for complainant.

*Rood & Hindman*, for defendant Miller.

HOOKER, J. On the 23d day of April, 1896, Eleanor C.
Reeves, the complainant, was granted a decree of divorce
with alimony against her husband, George R. Reeves.
He was at that time the owner of a manufacturing plant
in Grand Rapids, upon which there was a mortgage of
$2,000, given to a Mrs. Sweet, who resided in the State of
New York. This mortgage was foreclosed, and Mrs.
Sweet bid in the property at sheriff's sale on August
15, 1896, for $2,287. There was at this time an execution
levy for $1,800 upon the land, subject to the mortgage, in
favor of the Old National Bank of Grand Rapids; and, a
short time before redemption expired in the foreclosure

proceeding, an execution for $756 in favor of Sweet, Perkins & Judkins was levied upon the premises. Sweet, Perkins & Judkins were counsel for Reeves in the divorce case and for Mrs. Sweet in the foreclosure matter. The property was not redeemed, and on November 1, 1897, Mrs. Sweet deeded it to the defendant Miller, for which Miller paid by giving his check for $2,518.97 on November 9, 1897. The bill in this cause was filed February 17, 1898, to subject the premises to the payment of an amount then due upon the decree in the divorce case, and to declare amounts thereafter to become due upon said decree to be a lien upon such premises. The learned judge of the superior court made a decree in accordance with the prayer of the bill as to amounts due, but denied relief as to amounts not due. Both parties appealed.

It is the claim of complainant that the foreclosure was collusive, and that Miller took a deed of the premises for the benefit of Reeves, and with a design to defraud his creditors. Mrs. Sweet had an unquestionable right to foreclose her mortgage. It is not shown that she participated in any collusive or fraudulent design, and her motive would, perhaps, be unimportant in any event. When redemption expired, she had an indisputable title to the property. But it is claimed that Miller bought the property at the instigation of, and for the benefit of, Reeves, and that he has received more money than he paid from insurance that he procured upon the buildings, which were subsequently destroyed by fire. It is admitted that Miller bought the property at the suggestion of Reeves, and that he advanced Reeves money to carry on business there, taking a chattel mortgage on personal property to secure it. We fail, however, to find any satisfactory evidence that Miller's purchase from Mrs. Sweet was anything but a *bona fide* transaction in his own behalf, or that Reeves contributed in any way to the purchase, or was promised any interest in the property, or the proceeds of it. We have no doubt that Mrs. Sweet bid the property in for a sum much below its actual value;

perhaps she sold it cheap; but both she and her grantee acquired title nevertheless. The title of Miller does not fail because he bought at suggestion of Reeves, nor have Reeves' creditors any cause for complaint because it was so bought. We think they have not shown that Reeves has any interest in the property.

The decree of the superior court is reversed, and the bill dismissed, with costs of both courts.

GRANT, C. J., MONTGOMERY and MOORE, JJ., concurred. LONG, J., did not sit.