HANSEL.
*v.*
MORRIS.

*Tuesday,*
*November 2.*

## HANSEL *v.* MORRIS and Others.

In an action on a bond payable to several, all the obligees living must join in the suit, unless it appear by the bond that their interests are several.
If any of the obligees be dead, that fact should be shown in the declaration.
If all who should join in the suit do not, the defendant may crave oyer of the bond and demur generally.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—Debt on bond for 600 dollars, payable to the plaintiff. The declaration sets forth the condition of the bond to be, that if an injunction obtained by *Morris* on a judgment against him in favour of *Hansel* should be dissolved, the defendants would satisfy the judgment and damages. On oyer, the bond appeared payable to Hansel, Collett, and Sims, with a condition as follows: "Whereas *Morris* hath obtained injunctions against the obligees, enjoining them severally from collecting the several judgments they had recovered against him; now if upon the failure of *Morris* in the suit, he shall pay *Hansel, Collett,* and *Sims,* their several judgments and damages, the obligation to be void." General demurrer to the declaration, and judgment for the defendants.

With respect to bonds payable to several persons, not appearing therein to have several interests, the law is settled that suit must be instituted by all the obligees living, and the death of any of them must be alleged in the declaration. Here, the case we are investigating is a suit by one of three obligees, the others being alive for aught shown in the pleading; and it must therefore be erroneous, unless the interests of the obligees can be shown by the bond to be several. It is contended by the plaintiff, that though the penalty is payable to the obligees

*Tuesday,*
*November 9.*

jointly, the condition of the bond shows them to have several in-terests, for which each may separately sue.  If this position of the plaintiff were correct—that the obligees had each a several interest in the bond,—and the suit had been founded on a cove-nant, not only made with them jointly, but *cum quolibet eorum*, such a separate action for a several interest would be supported by authority.  *Slingsby's* case, 5 Co. R. 19.—*Eccleston* v. *Clips-ham*, 1 Will. Saund. 153, and notes.  But whatever the truth may really be, the record, from which alone we can receive any information of the facts of the case, does not warrant the plaintiff in the position he assumes.  The fair construction of the words in the condition of the bond, and indeed the only ra-tional one of which they seem to us susceptible, is, that *Hansel*, *Collett*, and *Sims*, had jointly obtained several judgments, that is, more than one judgment, against *Morris*, which he had caused to be enjoined, upon giving bond with *John* and *John* as sureties for the due prosecution of his suit in equity, payable to *Hansel*, *Collett*, and *Sims*.  On this bond, with such a condition, we are of opinion that *Hansel*, as one of the obligees, during the life-time of the oth-ers or either of them, cannot maintain the action he has instituted in his own name; and when he undertakes to do so, the defend-ants, after oyer of the obligation, must, upon demurrer for the variance between the bond described in the declaration, and that shown on oyer, be entitled to the judgment of the Court (1).

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* da-mages and costs.

*Ray*, for the plaintiff.

*Caswell*, for the defendants.

(1) When the declaration shows, that there are other obligees who ought to be but are not joined, the objection may be made on demurrer, in arrest of judgment, or in error.  If the objection be not shown by the declaration, the defendant may crave oyer and demur, as in the text, or object on non est factum.  1 Will. Saund. 154, n. 1.

In actions against joint obligors the law is otherwise.  They should all be joined, but if they be not, the omission cannot be objected to by demurrer, or on non est factum.  The defendant, in these cases, must crave oyer, and plead in abatement that there are other joint obligors who had sealed the bond, and who are still living.  If, indeed, these facts essential to the plea, be admitted in the declaration, the defendant may then demur or move in arrest of judgment.  Ibid. 291, n. 4.

In contracts not under seal, if all who should join in bringing the suit do not, advantage may be taken of it on non-assumpsit; or, should the objection appear in the declaration, a writ of error lies.  Ibid.  If, in such contracts, all the joint contractors living be not sued, the defendant must plead in abate-

ment. Thus, where the defendant was sued as drawer of a bill of exchange, and the bill was proved to have been drawn by him and another jointly, the Court said that there was no variance between the bill proved and the one declared on; and that the defendant should have pleaded in abatement. *Evans* v. *Lewis,* Ibid. And where the declaration was on a bill of exchange, drawn upon and accepted by the three persons sued, and it was proved to have been drawn upon and accepted by the three jointly with a fourth, this was held to be no variance. *Mountstephen* v. *Brooke,* 1 Barn. & Ald. 224. Vide, also, *Barry* v. *Foyles,* 1 Peters, 311.