*J. W. Burton*, for appellant.

------------⚬------------

## SOURSE and Others *v.* MARSHALL.

PARTIES.—Where one party brings a suit, under section 19 of the code, for the benefit of many having a common interest, but too numerous to be brought before the court, it is sufficient if they are described with as much certainty as the nature of the controversy will admit, and not necessary that they should be designated as an association or class.

DEMURRER—GENERAL DENIAL.—A party can not complain that a demurrer was sustained to a paragraph of his answer which amounted only to a general denial, when he had the benefit of the general denial on the trial.

EVIDENCE.—The rule that you can not vary by verbal testimony a written contract, does not apply to a written offer to make a gift.

SAME.—Where a party signed a written agreement, which was put in evidence, to pay the trustees of the *West Union Baptist Church* $10, for the purpose

of erecting a meeting-house on ground now owned by them, it was held error afterward to permit him to testify that when he subscribed he understood it to be a free church.

APPEAL from the *Huntington* Circuit Court.

GREGORY, J.—This was a suit brought by *Marshall*, the appellee, to reform the declaration of a trust in a deed made by one *John Morgan* to three of the appellants, *George Sourse*, *Isaac Goodin*, and *Jacob Sourse*. It is averred that *Morgan* originally made the deed to these three persons, as "*trustees of a meeting-house and burying-ground for the use of the neighborhood of the county of Huntington*," etc. But that, by the collusion of the appellants, said deed had been destroyed, mutilated, and interlined, and an altered, forged, and counterfeit deed put on record, which reads, as to the point in dispute, as follows: "Trustees of a *Baptist* meeting-house, *not debarring other orders from the use of the house* and burying-ground, for the use of the neighborhood of the county of *Huntington*," etc.

The appellants filed a demurrer to the complaint, which was overruled, and they excepted.

Two objections are made to the complaint. The first is, that there is a want of proper parties plaintiffs.

The complaint states that "*Edward Marshall*, who has an interest in common with persons whom it would be impracticable to bring before the court, on account of their great number, and who sues for the benefit of the whole, complains," etc., and says, "that in the year 1849, the plaintiff, together with those for whom he sues, were living in one neighborhood, remote from any place of public worship, and the said several persons interested herein were in doctrines and mode of worship attached to numerous sects of the Christian church, no one of which were either able to build a church edifice, or supply it with a respectable number of worshipers, and being desirous to attend to the religious rites in which they had been educated, proposed and agreed," etc.

It is claimed that those for whose benefit the action is

brought must be in some way designated as an association or class, a community, or in some other way, so that the defendants may know the nature of their adversaries' claim, and whether to admit or deny the same. We think this objection is not well taken; here the persons for whom the plaintiff sues are described with as much certainty as the nature of the controversy will admit, and the defendants need not be at a loss to know who they are called on to answer. See section 19 of the code, 2 G. & H. 47; Van Santvoord's Pleading, 89.

The other objection is, that the defendants, *Simon P. Sourse* and *Peter L. Bonewitz*, are improperly made parties. This objection is answered by the complaint. The charge is against *all* the defendants, that by collusion the deed in question was altered, etc. It is claimed that the Circuit Court erred in sustaining a demurrer to the second paragraph of the answer filed to the complaint. That paragraph amounts to the general denial, and as the appellants had the benefit of that on the trial, there is no error in sustaining the demurrer of which they can complain.

This action was tried in the court below on the 12th of *September*, 1860, before the act, in relation to witnesses, etc., of *March* 11, 1861, was in force.

On the trial *Jacob F. Sourse* was offered as a witness for his co-defendants, and excluded by the court below on the ground that he was a party to the suit, and interested in the event thereof. From the nature of the controversy this must have been the case, and the court did right in excluding the witness; but this point is unimportant, as under our present statute parties to such a suit as the one at bar are competent witnesses.

The deed in this case bears date the 5th day of *June*, 1849. On the trial, the appellants put in evidence the following letter:

"*Union County, Indiana, October* 4, 1848.

"Messrs. *Jacob Sourse, Isaac Goodwin,* and *George Sourse*—Sirs: By request, I drop you a few lines respecting

the lot of ground you have selected for the use of erecting a meeting-house on, and for a burying-ground. I must, with some reluctance, give you the grant; but I would wish you to lay it off so as to make the east line run north and south, making the north end wider, so as to make the corners of the lot square. It would look better, and be more convenient not to run more than sixteen rods with the state road, and you will have to have it surveyed, so as to establish some point for making a deed. You wished me to state on what conditions you could occupy said ground:

*First,* by defraying all expenses of a deed. *Second,* by giving all persons the privilege of aiding in improving the said lot; but you, as the regular *Baptist,* to have the right to improve and keep in repair said lot, and the preference of establishing your stated meetings also; so as not to interfere with one another. *Third,* and lastly, the burying-ground to be free for all that may make use of it for the same.       Respectfully yours,

JOHN MORGAN.

"If you accept of this *offer,* you can send me a plat of the survey, and I will make you a deed."

After this letter was put in evidence *Morgan,* over the objection of the appellants, testified as follows: "I deeded the land in question, to *George Sourse, Isaac Goodwin,* and *Jacob Sourse,* upon the condition, and with the understanding, that it was to be a free church." This does not come within the principle that you can not contradict or vary the terms of a written contract, by parol testimony.

The letter was only *an offer* to make a gift; it was in no sense a contract. It was in the power of *Morgan,* the next day after writing this letter, to change his purpose, and the appellants would have been remediless.

The appellants put in evidence, in the progress of the trial, the following written agreement: "We, the under-

signed agree to pay the trustees of the *West Union Baptist Church*, for the purpose of erecting a meeting-house on the lot of ground now owned and held by them in *Salamony* township, in *Huntington* county, *Indiana*, the sum or sums annexed to our names respectively, at such times as may be demanded, and in such material as may be subscribed."

(Signed,) amongst others, "JAMES TAYLOR, $10, lumber or sawing."

And after this contract was introduced in evidence, *Taylor* was, over the objection of the appellants, allowed to testify as follows: *Question*—"With what understanding, as to the character of the church to be built, did you subscribe to it?" *Answer*—"I understood it to be a free church."

*Taylor's* contract was to pay $10 to the *trustees of the West Union Baptist Church, for the purpose of* erecting a meeting-house *on the lot of ground then owned* and *held by them.*

A *free* church, erected on land owned and held by the trustees of the *West Union Baptist Church*, would be a clear contradiction in terms; and this comes within the rule that you can not contradict or vary the terms of a written contract by parol testimony. And for this error the judgment must be reversed.

The judgment is reversed; cause remanded to said court, with directions to grant a new trial, and for further proceedings. Costs here.

*D. O. Daily* and *J. R. Slack*, for appellants.