## FREE *v.* MEIKEL.

CONTRACT.—*Rescission.*—An agreement indorsed upon a deed for an interest in a patent right, that " all writings and papers heretofore executed between the undersigned concerning and touching the within patent right, are rescinded and annulled," was construed to include deeds of conveyance of lands, given in consideration of deeds for interests in the patent previously executed, and to annul such conveyances of land.

MISTAKE.—*Evidence.—Intention.*—A mistake in a writing may be alleged, proved, and corrected, but a party cannot, without such allegation, prove the mere intention of the parties, or one of them, in opposition to the plain meaning of the writing.

APPEAL from the Hendricks Circuit Court.

DOWNEY, J.—This action was brought by the appellee against the appellant, and resulted in a judgment in favor of the appellee. There is but a single question presented to us by the assignment of errors, and that is as to the correctness of the ruling of the court in sustaining the demurrer of the plaintiff to the answer of the appellant. To comprehend the question involved, it will be necessary to know what is in the complaint, as well as what the answer contains.

The complaint alleges, that in 1867, Meikel was the owner of certain real estate in the city of Indianapolis, and that the plaintiff entered into a contract with the defendant touching or concerning a certain patent right or invention,

by which the defendant agreed to assign to the plaintiff an undivided one-eighth interest in the same for the whole territory of the United States, except the State of Indiana and a few other unimportant reservations set forth in the assignment, and in consideration thereof the plaintiff agreed to convey to the defendant the said real estate; that the plaintiff did convey to the defendant the said real estate, and the defendant made the assignment of the patent right; that afterward, in consideration of the assignment to him of the right and title to said patent right in the undivided one-half of forty-one of the poorer and less valuable counties of the State of Indiana, at the request of the defendant, the parties made and executed an agreement, indorsed on a copy of the assignment of said patent, as follows:

"This certifies that the within and foregoing is a full, true, and complete duplicate and copy of a deed of assignment this day executed by John W. Free to the undersigned, and of which original deed of assignment this is declared to be a part. The cash value of the consideration this day paid, or to be paid, by said John M. Meikel to said John W. Free, is not three thousand six hundred dollars, as stated in the assignment, but is as follows: by consent of the undersigned, all writings and papers heretofore executed between the undersigned concerning and touching the within patent right are rescinded and annulled, and said Meikel hereby releases said Free from all claims and demands to this date, inclusive, touching said patent right; and the said John W. Free hereby releases the said Meikel from all claims of every nature to this date, inclusive. Said Free also delivers to said Meikel four promissory notes dated May 25th, 1867, executed by Fred. Meikel to John W. Free, or bearer, for one hundred and fifty dollars, each payable three, six, nine, and twelve months after date, respectively; said notes are now the property of said Meikel and one A. W. Kendrick, share and share alike. This is intended as a full and complete settlement of all claims between the undersigned to this date,

inclusive. Witness our hands and seals this 7th day of June, 1867.

    "[Attest:]          JOHN W. MEIKEL, [Seal.]
  "JOSEPH FREE,       JOHN W. FREE.   [Seal.]
  "C. J. THOMPSON."

Wherefore, the plaintiff claimed that the previous contract was rescinded, and the plaintiff and defendant placed in their former condition; the deed of assignment from the defendant to the plaintiff of an undivided one-eight interest in said patent for the whole United States, above referred to, was annulled and rescinded, and the deeds of conveyance from said plaintiff to the defendant for said real estate were also annulled and rescinded, and the defendant had no longer any interest in said land. Yet the plaintiff says the defendant refuses to deliver up possession of the said land to the plaintiff, and claims the same as his own, and collects the rents accruing from the same, and refuses to reconvey the same to the plaintiff. Wherefore, the plaintiff prays for a decree of this court quieting his title, and decreeing that said property be reconveyed to this plaintiff, and for all proper relief.

The answer in question says that the plaintiff and defendant, on the 25th day of April, 1867, made and entered into a contract. This contract is an assignment of the undivided half of said patent right in the States of Wisconsin and Minnesota, excepting one county in Minnesota, for the expressed consideration of ten thousand dollars, on the back of which was a memorandum stating that the consideration was not ten thousand dollars, but was certain real estate described in said memorandum; that on the 27th day of April, 1867, two days afterward, the parties made and entered into another contract. By this contract, the defendant assigned to the plaintiff said patent in an undivided one-half of the entire State of Minnesota, excepting the county of Hennepin, for the alleged price of four thousand five hundred dollars. On this conveyance was also indorsed a statement that the consideration thereof was not the amount stated, but was certain other real estate; that on the 29th day of

April, 1867, the parties entered into another contract, by which the defendant conveyed to the plaintiff an undivided one-fourth of said patent in the State of Indiana, excepting certain specified counties, also one-half of the State of Wisconsin, for the expressed consideration of eight thousand dollars. On the back of this is also an indorsement stating that the true consideration was an undivided half of certain personal property, consisting of a house and certain promissory notes, which had been received by Meikel for territory sold by him under the preceding contracts, in lieu of the territory so sold by him, which he could not reassign, said Meikel retaining for his own use a share of the proceeds of such sales, amounting to one thousand dollars; that in addition to the above property, Meikel paid for the territory last named, and the undivided three-eighths of the State of Minnesota, excepting the county of Hennepin, four houses and lots in J. Mart and Charles P. Meikel's subdivision of the north half of out-lot 164, in Indianapolis, also two vacant lots in Bradshaw & Holmes' subdivision to said city; that on the 7th day of June, 1867, the plaintiff and defendant and one A. W. Kendrick made and entered into a fourth contract. This is an assignment of the patent for an undivided half of the State of Indiana, excepting certain counties, for the expressed consideration of three thousand and six hundred dollars. Upon this assignment is indorsed the agreement of rescission set out in the complaint. It is then alleged in the answer that this last agreement was intended to be and was a complete settlement between the parties of all claims and demands in action between them to that date, and that all former assignments and agreements to assign any interest in said patent right were thereby cancelled, annulled, and settled; that all notes and claims of every kind, intended to be settled by said agreement and release, were then and there given up; that the intentions of the parties and terms of said agreement did not extend to any conveyances of real estate theretofore made by the plaintiff to the

defendant, and such terms were used as would not only not include, but expressly exclude all real estate conveyed, and the conveyances of land theretofore made by plaintiff to defendant were retained by defendant, and continued in force by the parties as so much toward the consideration of the last assignment and agreement; that all of said contracts and agreements were made with the full knowledge of the plaintiff, and in each of them, from first to last, it was expressly understood and agreed by and between the parties, and especially by the plaintiff, that he, the said plaintiff, trusted and relied upon his own judgment, and not upon any representation of this defendant or his agent or agents; and he says that the interest mentioned in these contracts is the same interest in the patent right and the same real estate mentioned in the complaint.

The question involved depends upon the construction to be given to the memorandum indorsed upon the conveyance or assignment of the 7th day of June, 1867, and set out in the complaint. It was stipulated in that writing, that "all writings and papers heretofore" (theretofore) "executed between the undersigned, concerning and touching the within patent right, are rescinded and annulled," etc. We think that this language must be held to include the conveyances in question for the land, as well as those for the patent right. It could hardly be reasonably concluded that the deeds for the patent right were intended to be rescinded, and not the deeds for the land also, which were the consideration therefor. The deed for the patent right, made as the consideration for the conveyance of the land, was for one-eighth of the whole United States, except the State of Indiana; whereas the deed made at the time of the rescission in question was only for part of the State of Indiana. It could hardly have been intended that the defendant should have the land for the deed for part of the State of Indiana, which was treated as a sufficient consideration for one-eighth of the territory of the United States excepting the State of Indiana.

The allegation in the answer, "that the intention of the parties and terms of said agreement did not extend to any conveyances of real estate theretofore made by the plaintiff to the defendant," etc., is inadmissible. If there was any mistake in the writing by which it was made contrary to the intention and agreement of the parties, it might have been alleged, proved, and corrected; but there is no rule of law or practice which allows a party to set up and prove the mere intention of the parties to a written contract, or one of them, in opposition to its plain meaning and import. *Patterson* v. *Doe,* 8 Blackf. 237. And such mistakes may be corrected in an action brought for that purpose, or in any other action, when such correction would be essential to a complete remedy. 2 G. & H. 98, sec. 71.

There crops out in this case some of the evidence of the obliquity prevailing in much of the dealing in this kind of property. Why should one consideration be expressed on the face of the deed of assignment of the patent right, and a contradictory statement be endorsed upon the back of it? Why such unusual and so many recitals in the deeds, with a view to estopping the grantee from asserting a defence? We see no reason to believe that we could arrive any more nearly at the justice of the matter between the parties than has been done by the circuit court.

The judgment is affirmed, with costs.

*L. Barbour* and *C. P. Jacobs,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellee.