Colborn v. Fry.

---

## COLBORN v. FRY.

[No. 2,952.    Filed December 12, 1899.]

EVIDENCE.—*Admissions in Pleadings Filed in Another Action.*— Admissions made by defendant in the pleadings filed in another action cannot be proved by parol, since the record is the best evidence. *p. 488.*

SAME.—*Writings.—Intention.*—It is error to permit a party to testify as to what his intention was in delivering a letter. *pp. 488, 489.*

HARMLESS ERROR.—*Admission of Evidence.—Intention of Party in Delivery of a Letter.*—Error in permitting a party to testify as to what his intention was in delivering a letter is harmless, where the testimony did not tend to change the plain meaning of the words used in the letter. *p. 489.*

From the Clark Circuit Court.    *Affirmed.*

*A. C. Harris* and *Frank Cutter*, for appellant.

*M. Z. Stannard*, for appellee.

HENLEY, J.—This cause is here for the second time. The opinion upon the former appeal is found in 17 Ind. App.

96.  Upon the former appeal the judgment of the lower court was reversed, on account of the insufficiency of the complaint.  Appellant filed an amended complaint in two paragraphs; appellee answered the general denial.  The cause was submitted to the court for trial, and upon the request of appellant the court made a special finding of facts and stated its conclusions of law thereon.  The special finding is a complete statement of the facts and was, in substance, as follows:  In the years 1893 and 1894, the appellant, Abram R. Colborn, was engaged in the wholesale lumber business at Michigan City, Indiana, under the name and style of A. R. Colborn & Company.  In the month of June, 1892, the company known as "M. A. Sweeney Company" was incorporated, and during the year 1894, M. A. Sweeney was the president, James W. Sweeney the secretary, and appellee, Jacob R. Fry, the treasurer of said company.  In the year 1894 the appellee, Fry, was engaged in the retail lumber business at Jeffersonville, Indiana, and had been so engaged for a number of years prior thereto, his place of business being a half mile distant from the place of business of the M. A. Sweeney Company, and there was no connection whatever between the business of appellee and said company.  That, prior to the time the letter hereinafter referred to was written, appellee had frequently purchased bills of lumber from appellant, which had at all times been delivered to appellee at his place of business; and that prior to said time the said M. A. Sweeney Company had also purchased lumber from appellant, which lumber at all times had been delivered to said company at its place of business.  On the 16th of March, 1894, the said M. A. Sweeney Company was engaged in constructing steamboats for the United States government, in which it was necessary to use the lumber afterwards purchased of appellant; and on said last named date, the said M. A. Sweeney, when about to leave Jeffersonville for Michigan City, to purchase lumber to be used by the M. A. Sweeney Company in building boats, informed

appellee of the proposed trip, whereupon appellee informed said Sweeney that he, appellee desired to purchase certain lines of lumber, consisting of doors and sash, and requested said Sweeney to make such purchases for him, and cause the same to be shipped to appellee at his place of business in Jeffersonville, Indiana. That, concurrently with such request, appellee wrote, signed, and delivered to said Sweeney the following instrument: "Jeffersonville, Ind., Mch. 16, 1894. To whom it may concern: The bearer, M. A. Sweeney, is authorized to purchase such lumber as he may select for me. Respectfully, J. S. Fry." That within a day or two after the 16th of March, 1894, the said M. A. Sweeney visited appellant's place of business at Michigan City, Indiana, and presented to appellant the instrument of writing above set out, but did not purchase any doors, sash, or other lines of lumber for appellee, because appellant did not have in stock the kind of lumber required by appellee. That while at appellant's place of business said M. A. Sweeney purchased from appellant for the M. A. Sweeney Company the bill of lumber mentioned in the complaint, amounting to $1,769.17, and he instructed the appellant to ship the same to the M. A. Sweeney Company, at Jeffersonville, Indiana. That before making such purchase, the said M. A. Sweeney informed appellant that said lumber was purchased for the M. A. Sweeney Company, and the purpose for which it was being purchased, and said order was entered upon appellant's books in the name of the M. A. Sweeney Company, and the lumber so purchased was charged to, consigned, shipped, and delivered to said M. A. Sweeney Company, at Jeffersonville, Indiana, and no part thereof was ever delivered to this appellee. That said order was entered upon appellant's books in March, 1894, and shipped during the months of March, April, and May of said year. That the first notice appellee received that appellant would look to him for the payment of said bill of lumber was some time during the month of August, 1894. That after the

purchase of said lumber, the said M. A. Sweeney Company made payments and was allowed credit on said bill to the amount of $259.72, leaving a balance due thereon of $1,509.-45. That the said sum of $1,509.45 is due appellant from the M. A. Sweeney Company. That the M. A. Sweeney Company is insolvent. That appellee has never assumed to pay any part of said bill. That no part of the lumber so shipped by appellant was delivered to or became the property of appellee. Upon the facts so found, the court stated the law to be that the sale of the said bill of lumber was a sale from appellant to the M. A. Sweeney Company; that appellee had not become liable to appellant for any part of said bill of lumber; that the instrument of writing executed by appellee, and delivered to M. A. Sweeney, is not a contract of guaranty, and that appellee is not bound to appellant thereon.

Appellant excepted to the conclusions of law, the court overruled his motion for a new trial, and granted an appeal to this court. The errors assigned are that the lower court erred in its conclusions of law, and that the court erred in overruling the motion for a new trial.

It is argued that the finding is not sustained by sufficient evidence. A careful reading of the evidence discloses the fact that the statements of the principals in this cause were decidedly conflicting. The conflict is upon the material questions. This court does not weigh evidence. Upon the facts found, the conclusions of law stated by the court were correct. Appellant offered to prove certain admissions made by appellee as to his liability to appellant for the bill of lumber so sent. These supposed admissions were made in the pleadings filed in another action commenced by appellee against the M. A. Sweeney Company. The lower court correctly excluded the evidence. The record itself was the best evidence by which to prove its contents.

The appellee, upon his original examination, was also permitted to answer the question, over appellant's objection, as

Colborn v. Fry.

to what his intention was when he delivered the "letter" to
M. A. Sweeney. In allowing appellee so to testify the lower
court committed an error.    *Free* v. *Meikel*, 39 Ind. 318;
*Henry* v. *Henry*, 11 Ind. 236, 71 Am. Dec. 354; *Dillon* v.
*Anderson*, 43 N. Y. 236; *Sourse* v. *Marshall*, 23 Ind. 194;
Clark on Contracts, p. 5.

Appellee testified as follows as to his intention when he
delivered the letter to M. A. Sweeney:  "I had no thought
or intention of binding myself for lumber to be purchased
by the M. A. Sweeney Company at the time I wrote the
letter sued on.  It was only written to authorize Michael A.
Sweeney to purchase the sash and doors, in the event he
selected them, for me, and it was addressed 'to whom it may
concern' as it was not known where it would be presented."
This evidence, while it was clearly error to admit it, was
harmless.  It did not hurt appellant because it did not tend
to change or affect the plain meaning of the words used in
the letter itself.  The letter authorized Sweeney to pur-
chase such lumber as he might select for appellee, not for
the M. A. Sweeney Company, or for anyone else, other than
appellee himself.  The plain meaning of the letter delivered
to M. A. Sweeney by appellee can not be mistaken.  It was
neither a strict guaranty nor an original undertaking; it
simply authorized Sweeney to purchase lumber for appellee,
and by its terms limited his authority in the matter of pur-
chasing lumber to sales made to appellee himself.  The case
of *Nading* v. *McGregor*, 121 Ind. 469, and the other cases
cited by appellant upon the legal effect to be given to the
instrument signed by appellee are not in point.  Judgment
affirmed.