JOSEPH HARKER V. SARAH J. BURBANK ET AL.

FILED MARCH 4, 1903. No. 12,475.

1. **Appeal Bond: JOINT OBLIGEE: ACTION: REAL PARTY IN INTEREST.** Under the provisions of section 29 of the Code of Civil Procedure, a joint obligee in an appeal bond may maintain an action thereon in his own name without joining the other joint obligee, where he alleges and proves that he has purchased the interest of his joint obligee, is the owner of the bond, and the real party in interest therein.

2. **Petition: ALLEGATION: ANSWER: DENIAL: PROOF: EVIDENCE.** Where such an allegation is contained in the petition and is denied by the answer, the plaintiff must prove the facts so alleged by some competent evidence, and, failing to do so, he can not maintain the action.

3. **Not Error to Direct Verdict.** In such a case, plaintiff having introduced all of his evidence without proving such allegations, it is not error for the court to direct a verdict for defendants.

4. **Withdrawal of Juror: CONTINUANCE OF CASE: DISCRETION OF COURT.** The propriety of allowing the plaintiff, under such circumstances, to withdraw a juror and continue the case in order to obtain further testimony, is a matter resting in the sound discretion of the court. *Violet v. Rose,* 39 Neb. 660.

5. **No Abuse of Discretion.** The record of the trial court examined, and *held* that the court was not guilty of an abuse of discretion in refusing such a request.

ERROR to the district court for Burt county: CHARLES T. DICKINSON, DISTRICT JUDGE. *Affirmed.*

*Howard H. Baldrige, William H. De Bord* and *Willis G. Sears,* for plaintiff in error.

*H. Wade Gillis* and *Harrison H. Bowes, contra.*

BARNES, C.

The plaintiff in error commenced this action in the district court for Burt county to recover of the defendants a sum of money alleged to be due and owing to him on an appeal bond given to himself and one William Harker, jointly, in the words and figures following:

"Know all men by these presents, That we, Sarah J. Burbank, as principal, and J. B. Walker and C. H. P. Busse, sureties, are held and firmly bound unto Joseph Harker and William Harker as in the following conditions set forth: The condition of the above obligaton is such, that whereas, in an action of forcible detainer tried before Charles T. Dickinson, county judge, in and for Burt county, Nebraska, wherein Joseph Harker and William Harker were plaintiffs, and Sarah J. Burbank was defendant, judgment was rendered by said county judge in favor of said plaintiffs, from which judgment the defendant now appeals to the district court of said county: Now, therefore, the condition of this obligation is such that if final judgment shall be rendered against said defendant in the district court, to satisfy said final judgment and costs, and to pay the plaintiffs a reasonable rent for the premises during the time of the wrongful withholding of the same."

Plaintiff set out the bond in his petition, and, in addition to the usual statements in such cases, alleged that afterwards, and prior to the — day of December, 1895, William Harker sold and transferred his interest in said premises and in the bond in suit to the plaintiff, Joseph Harker, and the said Joseph Harker became, for a valuable consideration, the sole and absolute owner of the interest of the said William Harker in said premises.

The answer of the defendants, among many other things, contained the following: "Defendants admit that the plaintiffs, on the 22d day of March, 1894, were the owners of the land described in their petition, say that William Harker deeded to Joseph Harker his interest in said land

on the 9th day of April, 1894, deny that he transferred his interest in the bond in suit to the plaintiff."

The questions of plaintiff's ownership of the bond and the rights of William Harker therein were thus made direct issues in the action.

The cause was tried to a jury, and after the plaintiff had introduced all of his evidence the defendants requested the court to direct the jury to return a verdict in their favor for the following reason: That the instrument on which this suit is founded is one which runs jointly to Joseph and William Harker; William Harker is not in any way a party to this suit, and there is an absolute failure of proof to show that the plaintiff, Joseph Harker, is the owner of the bond sued on. The court sustained the motion, and thereupon the plaintiff asked leave to withdraw a juror and continue the case to make additional proof. The court refused the request, and instructed the jury to return a verdict for the defendants, which was accordingly done. Judgment was rendered thereon, dismissing the action, and plaintiff prosecuted error to this court.

It appears that prior to April 9, 1894, the plaintiff and one William Harker were the joint owners, each owning an undivided one-half interest in a certain tract of land situated in Burt county; that on the 22d day of March of that year they entered into a written agreement by which they jointly leased said premises to the defendant Sarah J. Burbank, and placed her in possession thereof; that on the 21st day of May, 1895, the plaintiff and the said William Harker commenced a suit as joint plaintiffs and owners of said land, before the county judge of Burt county, Nebraska, against Sarah J. Burbank, setting up a termination of the lease, and a failure on her part to pay the rent of said premises, and praying the court to oust her from the possession thereof. The cause was tried and resulted in a judgment directing the return of the possession of the premises to be made by the said Sarah J. Burbank to the plaintiffs therein, and ordering a writ of dispossession to issue against her. Afterwards, and within

the time required by law, the defendants J. B. Walker and
C. H. P. Busse, as sureties for Sarah J. Burbank, and with
her, entered into the appeal bond on which this action
is founded, and thus perfected an appeal to the district
court.

It further appears that the cause was tried, and the trial
resulted in a verdict and judgment for the plaintiffs, and
that thereby the bond was matured and the defendants be-
came liable to the said plaintiffs thereon. It further appears
that on the 9th day of April, 1894, and before the com-
mencement of the forcible detainer suit, William Harker
executed and delivered to the plaintiff herein a warranty
deed by which he conveyed to him his undivided one-half
interest in the land so leased by them jointly to Sarah J.
Burbank. The record further discloses that the plaintiff's
deposition was taken twice in this action, and that he gave
no testimony whatever as to his interest in the bond in
question herein. In his first deposition we find the follow-
ing: "State whether or not you ever purchased the interest
of William Harker in the aforesaid land, being the land
known as the Burbank farm? And state whether or not
he made a transfer to you of his interest prior to Sep-
tember 20, 1899, and after March, 1895, and if so state as
near as you can when said transfer was made?" This ques-
tion was objected to as calling for a conclusion of the wit-
ness. The objection was sustained, and the plaintiff ex-
cepted. No other or further offer of proof was made as
to the ownership of the plaintiff, or his interest in the bond
in question herein. The warranty deed above spoken of,
however, was attached to the deposition and made a part
of it. After the deed was identified and attached as afore-
said, the following question was asked of the plaintiff:
"State whether or not you ever purchased the interest of
William Harker in this suit, or his interest in the rents due
from Mrs. Burbank?" This question was objected to as
calling for a conclusion of witness. The objection was
sustained, and the plaintiff excepted, but offered no fur-
ther proof on that point. In plaintiff's second deposition

the following appears: "State whether or not you and William Harker ever had any arrangement or agreement as to who should have the rentals of the property referred to in this suit, and state what the agreement or arrangement was?" This question was objected to as asking for a conclusion of the plaintiff. The objection was sustained, and the plaintiff excepted. He made no offer of proof of the facts indicated by the question, and there was no other or further proof to establish the title of the plaintiff to the interest of William Harker in the bond in question herein, except the general statement that he owned the premises described in the deed above mentiond.

The sole question presented for our consideration is whether or not there was evidence upon the question of the ownership and right of the plaintiff herein to maintain his suit on the bond in question, sufficient to require a submission of that question to the jury. The bond ran in favor of Joseph Harker and William Harker as joint obligees. By section 42 of the Code of Civil Procedure it is provided that the parties to an action who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason being stated in the petition. Under this section it has been held that parties jointly liable must be joined as defendants. *Fox v. Abbott,* 12 Neb. 328, 331; *Leach v. Milburn Wagon Co.,* 14 Neb. 106, 109; *Bowen v. Crow,* 16 Neb. 556, 559, and of course the same rule would apply as to plaintiffs.

It is thoroughly settled at the common law that joint obligees must sue jointly in actions *ex contractu,* and if it appears on the face of the pleadings in such cases that there are other parties to the contract who ought to be joined as plaintiffs, but are not, it is fatal to the action, and the defendant may raise the objection by demurrer or by motion in arrest of judgment, or he may urge it as a ground of reversal on error.

Section 29 of the Code of Civil Procedure provides that

every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 32, and that section has no application to a case of this kind. We are satisfied from an examination of the petition that sufficient was alleged therein to enable the plaintiff to maintain this action in his own name, under the provisions of section 29, and without joining his joint obligee as a party plaintiff. Having alleged that he was the sole owner of the bond, that he had purchased the interest of William Harker therein, and was the real party in interest, it was incumbent on him to prove that fact by some competent evidence, and failing to make such proof, he could not recover.

As we have before stated, no direct evidence was introduced to substantiate the fact of the plaintiff's sole ownership of the bond. It is contended, however, that the deed which was attached to plaintiff's deposition was sufficient to authorize him to recover. We can not agree with this contention. The deed merely conveyed the undivided interest of William Harker in the premises, for the possession of which the action of forcible detainer was instituted, to the plaintiff. The recitals of this deed were not necessarily inconsistent with the fact that William Harker still had some interest in the suit in which the bond was given. We may well presume that he did have an interest therein notwithstanding the deed, because the suit was instituted at a time subsequent to the making of that instrument. The action was prosecuted to judgment in the county court in the name of Joseph Harker and William Harker, jointly, and judgment was rendered therein in their favor. One of the conditions of the bond was that the defendants would pay the costs of the action, which it appears amount to a considerable sum. Both obligees in the bond were interested in the payment of those costs, even if it be conceded that William Harker had no interest in the land. It follows that without some competent evidence to support plaintiff's allegation that he had purchased the interest of his joint obligee in that suit, was the

owner of the bond in question and the real party in interest therein, he was not entitled to maintain this action, and the court did not err in directing a verdict for the defendants.

It is contended by the plaintiff that the court erred in refusing to permit him to withdraw a juror and continue the case for the purpose of making further proof. It has often been held that the propriety of granting a request of this kind rests in the sound discretion of the court. *Violet v. Rose*, 39 Neb. 660. After a careful examination of the record of the trial, we are unable to say that the court was guilty of an abuse of discretion in refusing this request.

We therefore recommend that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.