## PRITCHARD ET AL. *v.* MINES ET AL.

[No. 8,904.   Filed March 9, 1916.]

1. EXCEPTIONS, BILL OF.—*Filing.—Extension of Time.—Appeal.—Record.—Evidence.*—Where the trial court granted ninety days for the filing of a bill of exceptions containing the evidence, and at the subsequent term, without notice to the opposite party or attorneys, entered an order purporting to extend the time for filing, and such bill was filed after the expiration of the original time granted, but within the extended period, such bill was not a part of the record on appeal and the omission precluded a consideration of questions depending on the evidence. p. 206.

2. BONDS.—*Action for Breach.—Verdict.—Answers to Interrogatories.*—In an action on a bond executed in connection with the exchange of real estate and conditioned that defendants should complete

certain improvements on the property traded to plaintiffs, where the breach alleged was defendant's failure to pay for such improvements after their completion, answers by the jury to interrogatories showing that certain persons performed labor and furnished materials in the making of such improvements, that their respective claims were in certain designated amounts, that the grantee of defendants had conveyed to a third person who thereafter conveyed to grantee's wife, and that all the claims were paid by check, but not showing who paid the claims, were not in conflict with a general verdict for plaintiffs. p. 207.

3. BONDS.—*Action.*—*Parties.*—*Complaint.*—In an action on a bond, where the complaint disclosed that plaintiffs were joint obligees under it, and also alleged that the payment for which recovery was sought had been made by one only of such obligees, the objection that he alone should have sued should have been presented by demurrer to the complaint for insufficiency of facts. p. 207.

4. PLEADING.—*Complaint.*—*Waiver of Defects.*—Where a complaint is insufficient, the defect must be presented by demurrer, or by answer if not apparent on the face of the pleading, and is waived if not thus presented. p. 208.

5. APPEAL.—*Questions Presented.*—*Ruling on Joint Motion.*—*Separate Assignments of Error.*—Where appellants assigned error separately on the overruling of a motion which the record discloses was joint, such assignments presented no question. p. 208.

From Morgan Circuit Court; *Nathan A. Whitaker*, Judge.

Action by James E. Mines and another against Leona Pritchard and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Clarke & Clarke* and *Means & Buenting*, for appellants.

*S. C. Kivett* and *Bailey and Young*, for appellees.

CALDWELL, J.—Appellees brought this action against appellants to recover for the breach of a bond hereinafter described, of which appellants were obligors and appellees obligees. The following facts among others appear from the complaint: Under date of March 24, 1910, appellants, Carl C. and Leona Pritchard, husband and wife, entered into a contract in writing with appellees James E.

and Anna Mines, husband and wife, by which the former agreed to exchange a certain lot owned by them, situate in the city of Indianapolis, for certain farming lands, owned by the latter, situate in Orange County. By the terms of the contract, the appellants bound themselves to make certain extensive improvements on two dwelling houses situated on the lot, and to convey such real estate to appellees by warranty deed and free of liens. It is alleged that subsequently and in order to induce the consummation of the exchange of real properties before the completion of the improvements on the Indianapolis real estate, the appellants, as principals, and appellant, Walter J. Hubbard, as surety, entered into an undertaking or bond in writing in the penal sum of $2,000, made payable to appellees, as obligees, and conditioned for the completion of such improvements as agreed. On the execution of the bond, appellees by warranty deed conveyed the Orange County land to appellants, Pritchard and Pritchard, and the appellants executed their warranty deed, conveying the Indianapolis property, appellee James E. Mines, alone being named as grantee by consent of all the parties, including Anna Mines. The breach of the bond alleged is to the effect that Pritchard and Pritchard, in making the improvements, contracted an indebtedness for labor and materials aggregating $2,108.41, which they failed to pay, whereby notices of liens were filed under the statute, and that to prevent the foreclosure of such liens and the consequent sale of the Indianapolis property, appellee James E. Mines, to protect his title, was compelled to pay and did pay the sum of $2,108.41, whereby appellees demand judgment in that sum. The cause having been placed at issue by the filing of answers and replies, a trial by jury resulted in a verdict in favor

of appellees and against appellants in the sum of $1,630, on which judgment was rendered.

Each appellant separately assigns error to the following effect: That the court erred, (1) in overruling the motion for judgment on the answers of the jury to interrogatories; (2) in overruling the motion for a new trial. All questions discussed under the second assignment, and to which points are directed in appellants' brief, depend on the evidence. Appellees insist that the evidence is not in the record, and that as a consequence, appellants, under the second assignment, have presented no question for our consideration. Appellees are right in such contention. The record is as follows: September 13, 1913, being at the September term of court, judgment having theretofore been rendered on the verdict, the court overruled the respective motions for a new trial, and granted ninety days within which to file all bills of exception. December 3, 1913, at the November term, the trial court, without requiring notice to appellees or their attorneys of an application to that end, as required by statute, entered an order purporting to extend the time within which to file all bills of exception to January 12, 1914. The bill of exceptions containing the evidence was filed January 7, 1914, after the expiration of the time first granted. Under such circumstances, the order purporting to grant a re-extension of time was ineffective, and the bill of exceptions containing the evidence is not a part of the record. It follows that no question is presented under the second assignment. §661 Burns 1914, Acts 1911 p. 193; *English* v. *English* (1915), 182 Ind. 675, 107 N. E. 547; *Richmond Light, etc., Co.* v. *Rau* (1915), 184 Ind. 117, 110 N. E. 666.

As to the first assignment, the answers of the jury

to the interrogatories are to the effect that certain named persons performed labor and furnished

2. materials in the making of the improvements on the Indianapolis property, and that their respective claims were in certain designated amounts. There are other answers that the Pritchards conveyed the Indianapolis property to James E. Mines, who subsequently conveyed it to a third person, who thereafter conveyed to appellee, Anna Mines, and that all the claims mentioned in the complaint were paid by check. There is no interrogatory directed to the question of who drew the checks or who in fact paid the claims. It seems to us apparent without elaboration that the answers to the interrogatories are not inconsistent with the general verdict. It is argued under the first assignment that the court erred in overruling the motion under consideration for the reason that appellees, as joint obligees under the bond on which the action is based, united as plaintiffs, while all the claims described in the complaint were paid by appellee James E. Mines, and that he alone, therefore, suffered damage by the breach of the bond. That none of these facts are disclosed by the answers to interrogatories is a sufficient answer to the argument.

The bond here is exhibited with the com-

3. plaint. It discloses that appellees are joint obligees under it. There is an averment also that James E. Mines paid all the claims mentioned in the complaint. If it be true that under such circumstances James E. Mines should have sued alone as sole plaintiff, and his wife should not have been joined with him, and if the essential facts are revealed by the complaint, the question should have been presented by demurrer to the complaint for insufficiency of facts. 1 Works, Practice (3d ed.) §§354, 485 and cases cited. Neither paragraph

of the complaint was challenged in the trial court on the grounds indicated, and the question of the sufficiency of the complaint or any paragraph thereof is not presented in any manner on this appeal. Where such a defect, if it exists, does not appear on the face of the complaint, it must be presented by answer, and if not presented by demurrer or answer it is waived. Subd. 6 §344 and §348 Burns 1914, Acts 1911 p. 415. Assuming that it may be presented also by an assignment in the motion for a new trial that the evidence is insufficient to sustain the verdict, such an assignment cannot be considered for reasons indicated, that the evidence is not before us. The court did not err in overruling the motion for judgment on the answers to the interrogatories. Moreover, the record leaves it somewhat uncertain as to whether such a motion was in fact filed. It is disclosed, however, that if filed, it was joint as to the three appellants. Each appellant, however, assigns error separately on the overruling of such motion filed by him. Under such circumstances, the assignments present no question. Elliott, App. Proc. §318; *Towell* v. *Hollweg* (1881), 81 Ind. 154; *Stout* v. *Duncan* (1882), 87 Ind. 383; *Starkey* v. *Starkey* (1906), 166 Ind. 140, 144, 76 N. E. 876. We are not required on this appeal to determine the question of whether two joint obligees in a bond may join as plaintiffs in an action for the breach thereof when it is disclosed that only one of them is damaged, but see the following: *Hansel* v. *Morris* (1824), 1 Blackf. 307; *Moore* v. *Jackson* (1871), 35 Ind. 360; *Mandlove* v. *Lewis* (1857), 9 Ind. 194; *Sourse* v. *Marshall* (1864), 23 Ind. 194; *Miller* v. *Maher* (1914), 178 Mich. 571, 146 N. W. 196; *Harker* v. *Burbank* (1903), 68 Neb. 85, 93 N. W. 949; *North St. Louis, etc., Co.* v. *Essex* (1911), 157 Mo. App.

18, 137 S. W. 295; *St. Louis, etc., R. Co.* v. *Coultas* (1864), 33 Ill. 189; *Sprague* v. *Wells* (1891), 47 Minn. 504, 50 N. W. 535; *Farni* v. *Tesson* (1862), 1 Black 309, 17 L. Ed. 67; *International Hotel Co.* v. *Flynn* (1909), 238 Ill. 636, 87 N. E. 855, 15 Ann. Cas. 1059, note; 15 Ency. Pl. and Pr. 528; 5 Cyc 820; 9 Cyc 703; 4 R. C. L. 65. There is no error for which the judgment should be reversed.

NOTE.—Reported in 111 N. E. 804. As to the filing of bills of exceptions, see 15 Am. St. 297. See, also, under (1) 4 C. J. 289; 3 Cyc 42; (2) 38 Cyc 1927; (3) 31 Cyc 294, 743; (4) 31 Cyc 720; (5) 3 C. J. 1352; 2 Cyc 1003.