## VAN LANINGHAM *v.* TINDALL ET AL.

[No. 13,553. Filed February 7, 1930. Rehearing denied May 16, 1930.]

*Clyde P. Miller* and *Howard H. Bates,* for appellant.
*Albert F. Wray, Michael O. Sullivan, Charles L. Tindall, Charles B. Clarke* and *Walter C. Clarke,* for appellees.

McMAHAN, J.—Appellees recovered a judgment against appellant for $2,000. Appellant's motion for a new trial was filed after judgment, and was overruled October 19, 1928, at which time appellant was given 60 days within which to present his bill of exceptions for approval. The certificate of the judge to the bill of exceptions states that "on December 19, 1928, and within the time allowed by the court so to do," appellant presented his bill of exceptions to the judge for his approval, and that the judge did on said day approve and sign the bill of exceptions so tendered. The only question presented requires a consideration of the

evidence, which appellees insist is not in the record. The bill of exceptions was not presented to the judge within the time fixed by the court. Appellant contends that the statement in the certificate that the bill was presented "within the time allowed by the court" controls over the statement that it was presented on December 19, 1928. The law is otherwise. *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 78 N. E. 369, 11 Ann Cas. 879; *Haehnel* v. *Seidentopf* (1916), 63 Ind. App. 218, 114 N. E. 422.

At the time the motion for a new trial was overruled, appellant was given 30 days within which to file an appeal bond, in the sum of $2,000, with a named surety then approved by the court. The bond was filed three days later. On December 12, 1928, appellant filed an affidavit stating the clerk had lost or misplaced all of the original papers in the cause, and that a complete record for use on appeal could not be made, and asked that he be given an additional period of 60 days for perfecting his appeal and the filing of a bill of exceptions. No notice of the filing of this application was given, and none of the plaintiffs in the cause appeared to the application; but the court, on the day the application was filed, and without any notice to or appearance by the plaintiffs, granted "an additional 60 days for perfecting" the appeal. If this be construed as an attempt to extend the time for presenting the bill of exceptions to the judge for his approval, the action of the court was without authority. A party desiring an extension of the time given for presenting a bill of exceptions for approval must give the opposite party notice of the time and place when and where the application for such extension will be heard, and an order made without such notice, or without an appearance by the opposite party, is of no effect. *Pritchard* v. *Mines* (1916), 61 Ind. App. 203, 111 N. E. 804.

412

In view of the condition of the record, request for oral argument is denied.

Affirmed.